14699

VARSER *ET AL.* v. SMITH *ET AL.*

(197 S. E., 394)

*Mr. J. K. Owens,* for appellant,

*Mr. Andrew J. Bethea,* for respondent,

June 1, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On October 1, 1930, the appellant, Mrs. Mattie L. Smith, executed and delivered to Varser, Lawrence and McIntyre, a copartnership, a mortgage covering a house and lot in the Town of Cheraw, to secure the sum of $600.00, with interest. Thereafter, a foreclosure proceeding was commenced by the mortgagees against Mrs. Mattie L. Smith, wherein judgment for the amount due on the mortgage was demanded, and demand was also made for a decree for foreclosure and sale. Henry A. Rogers, Clerk of Court of Marlboro County, and Andrew J. Bethea, being judgment creditors of the appellant, were joined as defendants in the action. The cause was heard by his Honor E. C. Dennis, Judge of the Fourth Judicial Circuit, who issued his decree of foreclosure under date of July 5, 1935.

In determining the priority of the parties, the trial Judge found that the judgment of Henry A. Rogers constituted a first lien upon the property described in the mortgage; that the plaintiff's mortgage constituted a second lien thereover, and that the judgment of Andrew J. Bethea constituted a third lien. The decree provided that the proceeds to be derived from the sale should be disbursed in accordance with these priorities, after the payment of certain taxes and costs; that the officer conducting the sale should require the successful bidder to make a cash deposit of three per cent. of the total indebtedness adjudged to be due to the plaintiffs, as evi-

dence of good faith; and further provided that, "although the defendant, Mattie L. Smith, has not applied for a homestead, this is not a waiver thereof and the same is allowed in these proceedings and will be a bar to any claims for homestead on the part of this defendant at any other time."

By a supplemental order, made upon her *ex parte* application, Mattie L. Smith was given the right to assume the bid and to redeem the property at any time within sixty days after the sale. There was no appeal from this decree or the supplemental order by any of the parties.

Under the foreclosure decree, the property was offered for sale, on October 7, 1935, and was bid in by Andrew J. Bethea.

On the day before the expiration of the sixty-day period during which the bid was held open, to give the appellant, Mattie L. Smith, the privilege of redeeming the property, the dwelling house thereon was destroyed by fire. This house had been insured by the plaintiffs, the mortgagees, for their protection, and sufficient insurance was collected on the policy to pay the mortgage debt due them.

Thereafter, on July 7, 1936, Andrew J. Bethea appeared before his Honor, Judge Dennis, at his Chambers, upon an *ex parte* petition, alleging that it was impossible either for the Master or for the petitioner to carry out the condition of the sale, upon the ground that the dwelling house on the lot had been destroyed by fire; and praying for an order directing a resale of the lot of land. Upon consideration of this petition, Judge Dennis issued another decree, of date July 7, 1936, directing a resale of the property by the Master for Chesterfield County. In this decree it was ordered that the proceeds to be derived from the sale, after the payment of the costs, taxes and assessments against the land, be applied to the payment of petitioner's judgment, and any other judgment liens, in the order of their priority. The decree contained the further provision that upon sale of the premises, all right, title, interest and equity of redemption of the defendant therein be forever barred. Pursuant to this second

decree, the Master re-advertised the property for sale on August 3, 1936, and it was again bid in by Andrew J. Bethea, who, having complied with his bid, was given a deed for the premises by the Master.

The appellant, Mattie L. Smith, was not served with notice of the petition presented to Judge Dennis by the judgment creditor, Mr. Bethea, and had no notice of the second decree, or of the resale of the lot other than such constructive notice as she might have derived from the advertisement of sale which appeared in the newspaper. The record shows that she had been absent from the State for a year or more, and it does not appear that any effort was made to ascertain her address.

Thereafter, on October 16, 1937, upon due notice, Mattie L. Smith moved before his Honor, Judge Dennis, for an order revoking and cancelling his second decree providing for a resale of the premises, upon the ground that she had had no notice of the decree, and had just been informed of the sale. The petition alleged substantially all of the matters to which we have made reference. The appellant's main contention was that the fire created a new situation and a changed status, in that it resulted in the payment of the mortgage under which foreclosure was decreed, and that this being so she was entitled to the right to be heard before any order should be passed by the Court affecting her homestead exemption and her interests in the subject of the litigation.

The petition was denied by the Judge upon the ground that the rights of the appellant and of the other parties to the action had been fully adjudicated in his first decree of foreclosure, of date July 5, 1935, and that the appellant, under the order directing a resale, had not been prejudiced. It is from this order of Judge Dennis that this appeal is taken.

It may be observed here that in the first decree, the appellant's homestead was allowed, and she was confined to the pending action to obtain it. No mention of the homestead is made in the second decree.

The appellant in her brief submits this question as the pivotal point in the case: Can one party to a proceeding go before a Judge at Chambers, upon an *ex parte* petition, and secure an order of Court which prejudicially affects the interests of the other party to the action?

It is argued by the appellant that the fire materially altered the situation existing at the time the first foreclosure decree was issued; and the fire having occurred prior to the expiration of the time during which the appellant had the right to redeem, redemption was made impossible for her; and compliance with his bid was made impossible for Mr. Bethea, for the reason that the residence—the most valuable part of the property—had been destroyed.

■ The true test as to the necessity of notice of a motion in a case not specially provided for has been laid down as follows in *Shaw v. Coleman,* 54 N. Y. Super. Ct., 3, 5, 6, 3 N. Y. St. Rep., 534:

"If upon the particular facts presented the applicant is entitled to the precise order applied for as a matter of strict right; and the adverse party is powerless to oppose, the order may be granted *ex parte,* even though it might be better practice to require notice to be given. But if the adverse party appears for any reason to be entitled to be heard in opposition to the whole or any part of the relief sought, the application must be made on notice to such adverse party."

■ It is always desirable that the decree of the Circuit Court should present the intended conclusions of law and fact reached by that Court and to this end the rule has long prevailed that where, through inadvertence or mistake, a different result therein is made to appear, the Circuit Judge should be allowed to correct such clerical mistake. Numerous cases in our reports have sustained the right of the Circuit Judge to make such corrections. Such corrections, however, must be confined to matters of form and not of substance.

In *Chafee & Co. v. Rainey,* 21 S. C., 11, the Court quoted with approval the following from 2 Dan. Ch. Pr., 1233:

"In cases, however, in which a clerical error has crept into the decree, or in which some ordinary direction has been omitted, the Court will entertain applications to rectify it, even though it has been passed and entered. * * * It is, nevertheless, to be observed, that it is a principle of the Court, that no alteration can be made in a decree on motion without a rehearing, except in a matter of clerical error or of form, or where the matter to be inserted is clearly consequential on the directions already given."

No notice need be given of the application for an order, of course, as no opposition can be offered to it; *Miller v. Cramer,* 48 S. C., 282, 26 S. E., 657, but an order cannot be made in a cause without notice to the party prejudiced by it. *State v. Parker,* 7 S. C., 235. See *State v. Port Royal & A. R. Co.,* 45 S. C., 464, 23 S. E., 380.

In the case at bar, it is manifest that the issuance of the second foreclosure decree, after the mortgage was paid, fixing anew the rights of the judgment creditors, relieving Mr. Bethea of compliance with his bid, and directing a re-sale, in no way corrected any clerical error or mistake. Nor were these changes, in our opinion, clearly consequential on the directions given in the first decree. The appellant had an active interest in the subject of the litigation, and should have been afforded an opportunity to be present at the rehearing, by due service of the notice of such motion. It appears that a new foreclosure decree was issued upon a new state of facts.

We think the appellant's petition for an order to set aside the second foreclosure decree, which had been rendered without notice, should have been granted.

For the reasons given, the judgment is reversed, and the cause remanded for such appropriate proceedings, according to law, as the parties may be advised.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. JUSTICE CARTER did not participate on account of illness.