18611

I. B. GALLOWAY and Maggie Galloway, Respondents, v. Ben GAL-
LOWAY, Vera Jane Lusher and Jeannette Galloway, a minor,
of whom Vera Jane Lusher (Keenum) is, Appellant.

(153 S. E. (2d) 326)

158

*Clyde H. Turner, Esq.,* of Charlestòn, *for Appellant, Vera Jane Lusher,*

*Jack H. Page, Esq.,* of Conway, *for Respondents,*

February 28, 1967.

Moss, Chief Justice.

This is an appeal by Vera Jane Lusher (Keenum) from an order of the Civil and Criminal Court of Horry County refusing to set aside a decree of adoption.

On June 25, 1955, Ben D. Galloway was granted a divorce from the appellant. By the terms of the divorce decree he was given custody of Jeannette Galloway, who was born of this marriage on August 12, 1953. Subsequent to the

divorce, the appellant remarried and moved to Charleston County; Ben D. Galloway and Jeannette Galloway remained in Horry County. In April, 1962, the respondents instituted an action in the Civil and Criminal Court of Horry County against Ben D. Galloway, Jeannette Galloway and the appellant for the adoption of Jeannette Galloway.

Answers to the complaint were filed by the appellant and Ben D. Galloway. Upon petition of the defendant, Ben D. Galloway, a guardian *ad litem* was appointed for the minor defendant, and he submitted an answer on her behalf. On August 23, 1962, after a hearing in the matter, the Judge of the Civil and Criminal Court of Horry County issued a decree declaring Jeannette Galloway to be the legally adopted child of the respondents. Thereafter, approximately three and one-half years after the rendering of the adoption decree, the appellant gave notice to the attorney who had represented the respondents in the adoption proceedings of a motion to set aside the adoption decree upon three grounds, among which was the ground that the minor, Jeannette Galloway, had not been served personally pursuant to the adoption statutes then in effect. The motion was heard by the trial court on May 3, 1966. The record indicates that at the hearing on the motion appearances were made by counsel for the appellant and counsel for the respondents. It is admitttd that no appearance was made in behalf of the minor, Jeannette Galloway and that notice of the motion was not served upon her, nor was her former guardian *ad litem* given notice of such motion.

The trial judge found as a fact that Jeannette Galloway was duly served with a copy of the summons, complaint and notice of application for the appointment of a guardian *ad litem* in the adoption proceeding. By his order, dated May 9, 1966, the trial judge denied the motion of the appellant.

By her exceptions in appealing from the foregoing order, the appellant challenged the trial judge's findings of fact. The respondents assert several additional sustaining grounds, among which is that the minor, Jeannette Galloway, had

not been made a party to the action to set aside the adoption decree and that no notice thereof had been given to her or her guardian *ad litem*. However, the respondents have not argued such additional sustaining grounds in their brief and ordinarily under such circumstances the same would be considered abandoned.

The welfare of a minor child is the paramount consideration in all proceedings involving adoption of children and the courts adhere to the view that the welfare of the minor child is also a paramount consideration in cases involving annulment or vacation of an adoption decree. 2 Am. Jur. (2d), Adoption, Section 82, page 926. It is the duty of the court to protect the interest of parties under legal disability. This duty applies on appeal to this court. The duty to protect the rights of minors has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court *ex mero motu*. *Cumbie v. Cumbie*, 245 S. C. 107, 139 S. E. (2d) 477; *Jackson v. Walters*, 246 S. C. 486, 144 S. E. (2d) 422; *Caughman v. Caughman*, 247 S. C. 104, 146 S. E. (2d) 93.

As a general rule, notice of motion is required where a party has a right to resist the relief sought by the motion and principles of natural justice demand that his rights be not affected without an opportunity to be heard. Where notice is necessary, it should be given to all parties who have an interest in the question to be determined on the motion, and who have appeared in the action. 60 C. J. S., Motions and Orders, § 15, page 15, and § 16, page 17. If the adverse party appears for any reason entitled to be heard in opposition to the whole or any part of the relief sought, the application must be made on notice to such adverse party. *Varser v. Smith*, 187 S. C. 328, 197 S. E. 394. In this case, whether the minor was, in fact, served was a question of fact upon which she was entitled to be heard. The issue sought to be raised by the motion of the appellant was related to the question of compliance with the statutory provisions re-

lating to adoption and, indeed, to the jurisdiction of the court over the minor defendant. We think the nature of the issue thus involved is such as to entitle the minor whose rights may be affected by the order to notice. *Horger v. Simms,* 131 S. C. 117, 126 S. E. 430.

It has been broadly stated that under adoption proceedings there are four interested parties: (1) The minor child; (2) the parents or those standing in place of the parents; (3) the party seeking to adopt; and (4) the state. Undoubtedly, the person standing highest in interest is the child, and when adopted its status for life is entirely changed. The adoption of a child establishes the relation of parent and child, imposes upon the parties the reciprocal duties and obligation of that relation, and impresses upon and invests the child with the rights and qualities of a child, as an heir at law of the adoptive parents. *Cribbs v. Floyd,* 188 S. C. 443, 119 S. E. 677.

The relief sought by the motion of the appellant was to set aside the adoption of the minor, Jeannette Galloway; and such relief would have had the effect of divesting the child of her rights under the adoption decree, without notice and representation. This court will not pass upon issues affecting the rights of minors when they are not properly before the court.

Appeal dismissed.

Lewis, Bussey and Brailsford, JJ., and G. Badger Baker, Acting J., concur.