19249

Rainey BROWN, Respondent, v. Margaret Brown MICKENS et al., Appellants.

(182 S. E. (2d) 417)

*Messrs. Nash* and *Chappell,* of Sumter, *for Appellants,*

██

*C. M. Edmunds, Esq.,* of Sumter, *for Respondent,* ██

July 6, 1971.

Moss, Chief Justice.

This action was instituted by Rainey Brown, the respondent herein, praying for the partition of the lands of H. B. Brown, deceased, and for other equitable relief. The appellants here are Leon Brown, Charles Brown, Bobby Jean Brown and Vermell Brown, minors over the age of fourteen years and were defendants in the court below. It is apparent from the record that the action was referred to the Master of Sumter County for trial. During a hearing before the Master, the complaint of the respondent and the answers of the appellants were amended to ask for a receiver for the estate of H. B. Brown, and that the executrix named in his will be relieved of her duties. Thereafter, on recommendation of the Master, all parties consenting, a receiver was appointed for the said estate.

It appears that Judge James Hugh McFaddin issued his orders dated November 1, 1968, March 29, 1969, April 18, 1969, January 7, 1970, April 16, 1970 and July 30, 1970, directing payment of fees to counsel for the receiver, aggregating $13,500.00, and directing the receiver to pay to herself $7,500.00. All of said orders were granted *ex parte* and without notice having been given to counsel for the appellants that application therefor would be made. All of these orders were filed in the office of the Clerk of Court on August 14, 1970.

The appellants, on December 16, 1970, served a notice that they would move before The Honorable Dan F. Laney, Jr.,

for an order setting aside the aforesaid orders of the Honorable James Hugh McFaddin on the ground that such were granted *ex parte* and no notices of the motion for said orders were given to the appellants or their counsel, it being asserted that the infant appellants were entitled to be heard in opposition to the granting of said orders. On January 9, 1971, The Honorable Dan F. Laney, Jr., Resident Judge, refused the aforesaid motion upon the ground that he was without jurisdiction to grant same. Notice of intention to appeal to this Court from the several orders of Judge McFaddin and frm the order of Judge Laney was served on January 19, 1971.

This appeal can be disposed of by a decision upon the single question of whether Judge McFaddin erred in granting the several *ex parte* orders appealed from without notice to counsel for the appellants.

Generally, a party interested in resisting the relief sought by a motion has a right to notice sufficient to give him an opportunity to be heard. 56 Am. Jur. (2d), Motions, Rules and Orders, Sec. 10, page 8. 60 C. J. S. Motions & Orders § 15, page 22. This Court has applied the above rule in numerous cases. *State v. Port Royal and Augusta R. R. Co.,* 45 S. C. 464, 23 S. E. 380; *Varser v. Smith,* 187 S. C. 328, 197 S. E. 394; *Ex Parte* Hart, 190 S. C. 473, 2 S. E. (2d) 52; *Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209, and *Galloway v. Galloway,* 249 S. C. 157, 153 S. E. (2d) 326.

In Strock, on an *ex parte* application, an order was granted making certain parties defendants in the action without notice to the plaintiff. This Court, in reversing the judgment below said:

"* * * The question before us is whether notice should have been given to the plaintiff, a party of record at the time defendant sought to bring in these additional parties. The plaintiff was vitally interested in this question. Her substantial rights were affected and she should have been given notice of the application to bring in other parties. 47 C. J.,

138, Section 253; *Turner v. Washington Realty Co.*, 126 S. C. 378, 120 S. E. 371. The failure to give such notice constitutes a sufficient ground for reversal of the order appealed from. * * *"

In Galloway, this Court following the general rule, said:

"As a general rule, notice of motion is required where a party has a right to resist the relief sought by the motion and principles of natural justice demand that his rights be not affected without an opportunity to be heard. Where notice is necessary, it should be given to all parties who have an interest in the question to be determined on the motion, and who have appeared in the action. If the adverse party appears for any reason entitled to be heard in opposition to the whole or any part of the relief sought, the application must be made on notice to such adverse party."

The minor appellants were interested in the amount of fees and commissions to be paid to the receiver and her attorney, as such would affect the amount that they would receive from said estate. It follows that it was error on the part of the trial judge to grant the *ex parte* orders fixing the aforesaid fees and commissions without notice of application therefor being given to the appellants.

The orders of the lower court granting commissions to the receiver and fees to her attorney are reversed and this case remanded to said court for the purpose of fixing appropriate commissions and fees for the receiver and her attorney, after due and proper notice to the appellants.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.