THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Teresa Swindler, Anthony Sheppard, and Carolyn Sheppard, DOB:  2-4-92  
 A minor under the age of 18,        Defendants,
of whom Teresa Swindler and Anthony Sheppard are the       
Appellants.
 
 
 

Appeal From Horry County
Lisa A. Kinon, Family Court Judge

Unpublished Opinion No. 2004-UP-313
Submitted March 8, 2004  Filed May 
 13, 2004 

AFFIRMED

 
 
 
William Issac Diggs, of Myrtle 
 Beach, for Appellant, Teresa Swindler; John L. Martini, Jr., of North Myrtle 
 Beach, for Appellant, Anthony Sheppard.
Ernest Joseph Jarrett, of Kingstree; for Respondent.
 
 
 

PER CURIAM:  The South Carolina Department 
 of Social Services (DSS) sought to terminate the parental rights of Teresa Swindler 
 and Anthony Sheppard to their minor child.  The family court terminated the 
 parental rights of both parents.  We affirm.
FACTS
Swindler and Sheppard married and had one child 
 together.  At the time of the childs birth, Swindler and Sheppard were already 
 separated.  They divorced in 1994 and Swindler received custody of the minor 
 child.  
On March 2, 1998, DSS received a complaint Swindler 
 left the minor child with strangers and could not be located.  Subsequently, 
 DSS and Swindler entered into a safety plan, with Swindler retaining custody.  
 DSS received a second call in May 1998 indicating, again, that Swindler could 
 not be located.  Beth Katzenberger, with whom Swindler had been living, informed 
 DSS she had cared for the child for approximately two weeks without contact 
 by Swindler. 
DSS contacted Swindlers mother, who indicated 
 Swindler had been staying at the mothers home, without the child. At that time, 
 Swindler had gone to Columbia with a boyfriend.  However, Swindlers mother 
 did not know of Swindlers exact whereabouts. Since Swindler could not be located, 
 the child was taken into emergency protective custody on May 19, 1998.  
After a merits hearing, the court entered a finding 
 that Swindler physically neglected the child and granted custody of the child 
 to Sheppard, with supervised visits to Swindler.  Both parents were ordered 
 to attend individual and family counseling.  Additionally, both were required 
 to attend and complete parenting skills classes.  
Sheppard failed to actively participate in the 
 counseling sessions and had minimal participation in the treatment plan.  In 
 fact, he was not cooperative with DSSs permanency plan. Further, the child 
 began acting out sexually in school and her behavior was continuing to deteriorate.  
   Based upon these facts, DSS took custody of the child in November 1999, 
 and the minor child has remained in DSS custody since that time.  Because of 
 her aggressive and sexually reactive behavior and agitated behavior, the minor 
 child was placed in a therapeutic foster home.
While the child was in foster care, DSS completed 
 a home study of Swindlers home and the study came back negative because she 
 had married Anthony Swindler, a registered sex offender.  Swindler maintained 
 visitation until her pregnancy and transportation problems caused her to stop.  

Swindler was referred to Dr. Melissa Muse for 
 continued counseling and supervised visitation.  Dr. Muse expressed concern 
 that Swindler would be unable to prevent the child from inappropriately touching 
 Swindlers other children.  Additionally, Dr. Muse was concerned that Swindler 
 showed little ability to set and enforce boundaries for the child.  
 DSS brought this action seeking to terminate 
 the parental rights of both Swindler and Sheppard.  DSS claimed Sheppards parental 
 rights should be terminated under S.C. Code Ann §§ 20-7-1572(2), (4), (6), and 
 (8) (Supp. 2002).  DSS sought to terminate Swindlers parental rights under 
 sections 20-7-1572(2), (4), and (8).  
The court determined Sheppards parental 
 rights should be terminated under all sections alleged by DSS.  Specifically, 
 the court found he: 1) had failed to provide support for a period of more than 
 six months; 2) had a diagnosable condition unlikely to change which made him 
 unlikely to provide acceptable care; 3) failed to properly complete the treatment 
 plan and remedy the conditions leading to the removal of the child; and 4) the 
 child had been in foster care for fifteen of the previous twenty-two months.  

In regards to terminating Swindlers parental 
 rights, the family court found:  1) she willfully failed to provide support 
 for in excess of six months, as she had not made a single payment or offer of 
 support in over nine months; and 2) the child has been in DSS custody for more 
 than fifteen out of the last twenty-two months.  
Finally, the family court concluded this 
 was a case where the interests of the parents and child were in conflict.  The 
 court determined the child had been in DSS custody for twenty-eight months and 
 that the best interest of the child was to terminate Sheppard and Swindlers 
 parental rights.  
STANDARD OF REVIEW
South Carolina Code Ann. § 20-7-1578 (Supp. 2002), 
 mandates that the TPR statutes must be liberally construed in order to ensure 
 prompt judicial procedures for freeing minor children from the custody and control 
 of their parents by terminating the parent-child relationship.  The interests 
 of the child shall prevail if the childs interest and the parental rights conflict.  
 S.C. Code Ann. § 20-7-1578.  Grounds for termination of parental rights must 
 be proven by clear and convincing evidence.  South Carolina Dept of Soc. 
 Servs. v. Headden, 354 S.C. 602, 608-09, 582 S.E.2d 419, 423 (2003) (citing 
 Santosky v. Kramer, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)).
Upon review, the appellate court may make its own finding 
 from the record as to whether clear and convincing evidence supports the termination.  
 Headden, 354 S.C. at 609, 582 S.E.2d at 423.  The reviewing court, however, 
 is not required to ignore the fact that the family court, who saw and heard 
 the witnesses, was in a better position to evaluate their credibility and assign 
 comparative weight to their testimony.  Hooper v. Rockwell, 334 S.C. 
 281, 297, 513 S.E.2d 358, 367 (1999).
LAW/ANALYSIS
I.       Termination of Teresa Swindlers Parental Rights
Swindler contends the court erred in terminating 
 her parental rights pursuant to S.C. Code Ann. §§ 20-7-1572(4) and (8) (Supp. 
 2002).  We find there was clear and convincing evidence to support the courts 
 decision to terminate parental rights.
Pursuant to section 20-7-1572: 

The family court may order the termination of parental rights 
 upon a finding of one or more of the following grounds and a finding that termination 
 is in the best interest of the child:
. . . .
(8) The child has been in foster care under the responsibility 
 of the State for fifteen of the most recent twenty-two months . . . .   

Swindler maintains the trial court erred 
 in terminating her parental rights pursuant to section 20-7-1572(8), because 
 the child was removed for unlawful reasons.  We disagree and find this section 
 supports the courts decision to terminate Swindlers parental rights to her 
 daughter.
Swindlers main contentions are two-fold.  
 First, she asserts the statute requires that she be responsible for the removal 
 of the child and subsequent need for custody by DSS, and that she contribute 
 to the continuance of the removal.  Second, she maintains that section 20-7-1572(8) 
 requires a showing that DSS undertook reasonable efforts to return the child 
 but was unsuccessful due to the parents actions or inactions. 
All rules of statutory construction are subservient 
 to the one that legislative intent must prevail if it can be reasonably discovered 
 in the language used, and that language must be construed in the light of the 
 intended purpose of the statute. Ray Bell Constr. Co. v. Sch. Dist. of Greenville 
 County, 331 S.C. 19, 26, 501 S.E.2d 725, 729 (1998).  The stated purpose 
 of the TPR statute is to establish procedures for the reasonable and compassionate 
 termination of parental rights where children are abused, neglected, or abandoned 
 in order to protect the health and welfare of such children and make them eligible 
 for adoption. . . .  S.C. Code Ann. § 20-7-1560 (1976).  Furthermore, TPR statutes 
          must be liberally construed in order to ensure prompt judicial procedures 
 for freeing minor children from the custody and control of their parents by 
 terminating the parent child relationship.  Joiner ex. rel. Rivas v. Rivas, 
 342 S.C. 102, 108, 536 S.E.2d 372, 375 (2000) (quoting S.C. Code Ann.§ 20-7-1578).
A clear reading of the statute juxtaposed 
 with its stated purpose demonstrates the legislature intended a child in the 
 care of DSS for more than fifteen out of twenty-two months to be freed from 
 the custody and control of their parents when it is in the childs best interest.  
 The legislature did not express any further requirement to be proven.  
The child in this case had been in the 
 care of DSS from November 3, 1999, until the date of the hearings in March 2002, 
 or a total of twenty-eight consecutive months.  The family court found that 
 subsection 8 was enacted to address the situation presented by Swindlers termination. 
 The court opined that the legislature made provisions for termination when a 
 child was in care for fifteen of the most recent twenty-two months.  The court 
 held the Department met its burden and showed that the minor child remained 
 in foster care because of Swindlers failure or inability to provide a home 
 that was the subject of a positive home study. 
Swindler failed to provide a safe home and demonstrate 
 the necessary ability to care for the child in order to have her returned prior 
 to the twenty-eight months she spent in foster care.  We find that termination 
 under section 20-7-1572(8) was proper.
B.      Best Interest of Child
We find the family court properly terminated 
 Swindlers parental rights under § 20-7-1572(8) and find that termination of 
 Swindlers rights is in the minor childs best interests. [1]   Accordingly, we affirm the family court's 
 termination. See Doe v. Baby Boy Roe, 353 S.C. 576, 580, 578 S.E.2d 
 733, 735 (Ct. App. 2003); See also S.C. Code § 20-7-1572 
 (The family court may order the termination of parental rights upon a finding 
 of one or more of the following grounds and a finding that termination is in 
 the best interest of the child.). 
There is ample evidence in the record 
 to support the conclusion that termination of Swindlers parental rights is 
 in the childs best interest.  First, the reason for the childs removal from 
 her home was leaving the child with other people for extended periods of time 
 while she was out of town.  Swindlers mother indicated that Swindler would 
 leave the child with her while she went to Columbia. 
Additionally, Dr. Muse testified that 
 Swindler was ill equipped to care for the special needs of the child.  Additionally, 
 Dr. Muse indicated that Swindler would be unable to prevent the child from possible 
 perpetration of sexual acts against the two younger children.  Finally, Dr. 
 Muse indicated that Swindlers mother put forth the most effort in counseling 
 and therapy sessions.  Accordingly, we find the family court correctly found 
 termination of Swindlers parental rights was in the best interest of the minor 
 child. 
II.      Termination of Anthony Sheppards Parental Rights
The family court terminated Sheppards parental 
 rights on four grounds. [2]   Upon reviewing the record, Sheppards statement, 
 and the family courts determination in its entirety, we find no error in the 
 courts decision.  The child was in foster care under the responsibility of 
 the state continuously from November 1999 until March 2002.  Accordingly, the 
 family courts decision to terminate Sheppards parental rights is affirmed.
CONCLUSION
We find the court did not err in terminating 
 Swindler and Sheppards parental rights under section 20-7-1572(8) and the termination 
 was in the best interest of the minor child.    Accordingly, the decision of 
 the family court is 
AFFIRMED.
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.

 
 [1] This issue was not appealed.  
 While an unappealed ruling is normally the law of the case, see ML-Lee 
 Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489 
 S.E.2d 470, 472 (1997), because the ruling involves the best interest of a 
 child, this court may raise the issue ex mero motu.  
 Ex parte Roper, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970); see 
 also Galloway v. Galloway, 249 S.C. 157, 160, 153 S.E.2d 326, 327 
 (1967) (The duty to protect the rights of minors has precedence over procedural 
 rules otherwise limiting the scope of review and matters affecting the rights 
 of minors can be considered by this court ex mero motu.). 
   

 
 
 [2] Pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 
 (1987), Sheppards counsel attached to the record of the family court proceedings 
 an affidavit stating his belief that the appeal lacks merit.  Sheppard filed 
 a response to counsels affidavit, indicating that he has done all he could 
 to bring the child back home and that DSS has used his child to get money 
 with no intention of returning the minor child.