THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON 
 AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services,       
Respondent,
 
 
 

v.

 
 
 
Carlos Cannon,
In the Interest Of: Kelli Marie Cannon (DOB: 10/11/01)
A Minor Under the Age of 18       
Appellant.
 
 
 

Appeal From Greenville County
Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No. 2004-UP-657
Submitted December 1, 2004  Filed December 
 28, 2004

AFFIRMED

 
 
 
Thomas L. Bruce, of Greenville, for Appellant.
Rebecca Rush Wray, of Greenville, for Respondent.
 
 
 

PER CURIAM: Carlos Cannon appeals a family 
 court order terminating his parental rights to his minor child, Kelli Cannon.  
 We affirm. 
FACTS
Carlos Cannon and Pepper 
 Smith are the biological parents of the minor child, Kelli Cannon.  Kelli was 
 born on October 11, 2001.  In January 2002, Kelli was placed in foster care 
 due to severe abuse by Smith.  Subsequently, the family court, by order dated 
 November 7, 2002 (the November order), terminated Smiths parental rights to 
 Kelli and further concluded that Cannon had failed to protect or seek medical 
 treatment for Kelli.  Cannon was ordered to enroll in a family violence intervention 
 program and participate in DSS parenting classes.  He attended several in-home 
 parenting classes through DSS.  After those classes were canceled, Cannon was 
 referred by DSS to parenting classes at Prevent Child Abuse Carolina.  However, 
 he never attended those classes.  Cannon also never attended the family 
 violence intervention program as recommended by DSS. 
Although Cannon did visit Kelli while she was in 
 foster care, he never provided any monetary support for her.  The November 2002 
 order did not require Cannon to pay child support for Kelli but left it to his 
 discretion. [1]   Nevertheless, 
 the Guardian ad Litem urged Cannon to provide some amount of monetary support 
 for Kelli.  In January 2003, DSS instituted a Termination of Parental Rights 
 action against Cannon for willful failure to support.  Thereafter, he 
 provided Kelli with some clothing and toys valued at no more than $200.00. 
A termination of parental rights hearing 
 was held on July 11, 2003.  The family court terminated Cannons parental rights 
 based on his willful failure to support Kelli.  Cannon appeals this order.           

STANDARD OF REVIEW
On appeal of a termination of parental rights case, 
 this court may review the entire record and make a determination of the facts 
 according to our review of the evidence. Hardy v. Gunter, 353 S.C. 128, 
 577 S.E.2d 231 (Ct. App. 2003). However, this court is not required to ignore 
 the fact that the family court, who saw and heard the witnesses, was in a better 
 position to evaluate their credibility and assign comparative weight to their 
 testimony.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 
 (1999). Termination of parental rights statutes must be liberally construed 
 in order to ensure prompt judicial procedures for freeing minor children from 
 the custody and control of their parents by terminating the parent-child relationship.  
 S.C. Code Ann. § 20-7-1578 (Supp. 2003); South Carolina Dept of Soc. Servs. 
 v. Headden, 354 S.C. 602, 608, 582 S.E.2d 419, 423 (2003).  Finally, [t]he 
 interests of the child shall prevail if the childs interest and the parental 
 rights conflict.  S.C. Code Ann. §20-7-1578 (Supp. 2003).  Grounds for termination 
 of parental rights must be proven by clear and convincing evidence.  Santosky 
 v. Kramer, 455 U.S. 745, 769-70, 102 S.Ct. 1388, 1403, 71 L.Ed.2d 599 (1982); 
 Headden, 354 S.C. at 608-09, 582 S.E.2d at 423.
ISSUES

 I.      Did the family court err in holding Cannon willfully failed to support his minor 
 child when Cannon was not under a court order to pay child support?
 II.     Did the family court err in holding that terminating Cannons parental rights 
 was in the best interest of the minor child? 

LAW/ANALYSIS
 I.  Willful Failure to Support  

Cannon argues the family court 
 erred in holding he willfully failed to support Kelli.  We affirm. 
A family court may order the termination 
 of parental rights if a parent has willfully failed to support his child for 
 six months or more and it is in the childs best interest.  See S.C. 
 Code Ann. §20-7-1572(4) (Supp. 2003). Under Section 20-7-1572(4), [f]ailure 
 to support means that the parent has failed to make a material contribution 
 to the childs care.  A court may consider all relevant issues in determining 
 whether the parent has failed to support the child.  See S.C. Code Ann. 
 §20-7-1572(4) (Supp. 2003). This includes consideration of the parents ability 
 to provide support and requests for support by the custodian.  Id.  Moreover, 
 these grounds must be proven by clear and convincing evidence.  South Carolina 
 Dept of Soc. Servs. v. Headden, 354 S.C. 602, 608, 582 S.E.2d 419, 423 
 (2003).
In the present case, it is clear that 
 Cannon willfully failed to make any meaningful effort to support his child.  
 During the time Kelli was in foster care, Cannon never provided any money for 
 her support.  Section 20-7-1572(4) states that support can consist of money 
 or food, clothing, shelter, or other necessities.  Cannon provided Kelli 
 with clothing and toys worth no more than $200.00.  And although Kelli had been 
 in foster care for over a year, Cannon did not make those contributions until 
 after DSS filed a termination of parental rights action against him. Additionally, 
 Cannon presented no justification for his failure to provide any support for 
 Kelli during the above mentioned period. We conclude that Cannons contribution 
 of a few clothing and toys was not a material contribution to the health and 
 welfare of Kelli as required by Section 20-7-1572(4).
 Cannon next argues the trial court erred 
 in finding he willfully failed to support Kelli because he was never ordered 
 to pay child support.  We disagree. This court held, in South Carolina Dept 
 of Soc. Servs. v. Cummings, that nothing in §20-7-1572(4), requires a parent 
 be notified of her duty to support her child before failure to discharge this 
 duty may serve as grounds for termination of parental rights.  South Carolina 
 Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 296, 547 S.E.2d 506, 510 
 (Ct. App. 2001). Clearly, Cannon was required to make a material contribution 
 to the support of Kelli, within his means, even without being ordered to pay 
 child support.  Moreover, the Guardian ad Litem urged Cannon to monetarily contribute 
 to Kellis support, even if it consisted of no more than five to ten dollars 
 a week.  For the foregoing reasons, we agree with the trial court that DSS 
 has shown by clear and convincing evidence that Cannon willfully failed to support 
 Kelli.    
II.      Childs Best Interest      
Cannon argues the family court erred in holding that 
 terminating his parental rights was in Kellis best interest.  We affirm. 
Under Section 20-7-1572 of the S.C. Code 
 (Supp. 2003), a family court may order the termination of a parents parental 
 rights if the parent willfully fails to support his minor child and termination 
 is in the childs best interest.  For the following reasons, we find the termination 
 of Cannons parental rights is in Kellis best interest. 
As noted above, Cannon willfully failed to provide 
 support for Kelli.  While he had been employed for four continuous months at 
 the time of the termination hearing, his prior employment had been sporadic. 
 Additionally, he had only moved into his own apartment shortly before the hearing 
 and the Guardian had not had an opportunity to investigate his accommodations. 
 He also failed to complete the DSS parenting classes or to attend the family 
 violence intervention program.  Moreover, the November 2002 family court order 
 stated that Cannon failed to protect or seek medical treatment for Kelli after 
 she was abused by Smith.  Further, Kelli has been in foster care for most of 
 her life and is currently in a suitable pre-adoptive placement in a two-parent 
 home. Terminating Cannons parental rights would free Kelli for adoption. Finally, 
 there is evidence to support the trial courts finding that Kelli has not bonded 
 with Cannon. This court does not take lightly the measure of permanently severing 
 the parent-child relationship. However, after a thorough review of the record 
 on appeal, we conclude DSS has shown by clear and convincing evidence that that 
 termination of Cannons parental rights is in Kellis best interest. 
CONCLUSION
We conclude that DSS proved by 
 clear and convincing evidence that Cannon willfully failed to provide support 
 for his minor child, Kelli. We also conclude that termination of Cannons parental 
 rights is in Kellis best interest. Therefore, the order of the family court 
 terminating Cannons parental rights is hereby
AFFIRMED. [2] 
STILWELL, J., SHORT, J. and CURETON, A.J., concur.

 
 
 [1] The November order also held that Cannon had willfully failed to 
 provide any support or make any material contribution towards Kelli for a 
 period of over ten months while she was in foster care.  Moreover, the court 
 also found no agency or court prevented him from doing so. The November 
 order was not appealed by Cannon, and thus would ordinarily control in this 
 case.  However, because the rights of a minor are involved, we review this 
 case on appeal whether or not the issue is preserved. Joiner v. Rivas, 
 342 S.C. 102, 536 S.E.2d 372 (2000) (quoting Galloway v. Galloway, 
 249 S.C. 157, 160, 153 S.E.2d 326, 327 (1967)) (The duty to protect the rights 
 of minors has precedence over procedural rules otherwise limiting the scope 
 of review and matters affecting the rights of minors can be considered by 
 this court ex mero motu.).

 
 [2] Because oral argument would not aid the Court 
 in resolving any issue on appeal, we decide this case without oral argument 
 pursuant to Rule 215 and 220(b)(2), SCACR.