2409

The State, Respondent v. Carl C. ESTRIDGE, Appellant.

(465 S.E. (2d) 91)

Court of Appeals

*H. Jackson Gregory, Gregory & Gregory*, Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Rakale Buchanan Smith,* and *Assistant Attorney General G. Robert DeLoache, III*, Columbia; and *Solicitor Donald V. Myers*, Lexington, *for respondent.*

Heard Oct. 4, 1995.

Filed Oct. 30, 1995; Reh. Den. Dec. 20, 1995.

GOOLSBY, Judge:

On December 31, 1992, Carl C. Estridge, pursuant to Act No. 310, 1992 S.C. Acts 1904, agreed in writing to the transfer from the circuit court to the magistrate's court of a case in which he was charged with second offense driving under the influence. Estridge's jury trial in the magistrate's court concluded on July 1, 1993, and resulted in a guilty verdict. Estridge appealed to the circuit court, alleging, as he does here, his conviction should be overturned on the ground that the magistrate's court lacked subject matter jurisdiction to try his case on July 1, 1993, because more than 180 days had passed after its transfer to the magistrate's court from the circuit court. The circuit court affirmed Estridge's conviction. We do likewise.

The pertinent part of the statute on which this controversy centers reads as follows:

(A) Notwithstanding the provisions of Sections 22-3-540 and 22-3-550 and effective from July 1, 1992 until July 1,

> 1993, a criminal case, the penalty for which the crime in the case does not exceed five thousand dollars or one-year imprisonment, or both, may be transferred from [the circuit court] if the provisions of this section are followed. (B)(1). . . . [T]he defendant agrees in writing to the transfer.
>
> (2) The judge must consider, but is not limited to the following factors in granting the . . . transfer:
>
> (a) case workload;
>
> (b) age of the case; [and]
>
> (c) the speedy disposition of the case.
>
> (3) A case transferred to a magistrate's or municipal court not *disposed of* in one hundred eighty days from the date of transfer automatically reverts to the docket of [the circuit] court.

Act No. 310, 1992 S.C. Acts 1904 (emphasis added).

The controlling issue here concerns, as it is used within the context of the statute quoted above, the meaning of the term "disposed of," an admittedly "broad and comprehensive term with many shades of meaning" and a term best "described as a 'nomen generalissimum' and standing by itself, without qualification, . . . has been said to have no technical signification." *In re Kuttler's Estate*, 160 Cal. App. (2d) 332, 325 P. (2d) 624, 631 (Dist. Ct. 1958). In construing the term and the statute in which it reposes, we must consider the purpose intended by the legislature in enacting the statute. *Spartanburg Sanitary Sewer Dist. v. City of Spartanburg*, 283 S.C. 67, 321 S.E. (2d) 258 (1984). The primary rule we must follow in construing the statute is to ascertain and give effect to legislative intent as expressed in the statute itself. *Green v. Thornton*, 265 S.C. 436, 219 S.E. (2d) 827 (1975); *Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 317 S.C. 274, 453 S.E. (2d) 253 (Ct. App. 1994), *cert. granted*, July 26, 1995. "The intention of the legislature is to be ascertained primarily from the language used in the statute. . . ." 82 C.J.S. *Statutes* § 322(b), at 571 (1953).

Estridge claims he was improperly convicted because his case was not "disposed of" by the magistrate's court within 180 days after its transfer from the circuit court. He would have us define the term "disposed of" to mean "concluded."

Judging from the language it used, the legislature's intent in enacting the statute was to facilitate the disposition of criminal cases, not to complicate or frustrate it. To interpret the term "disposed of" the way Estridge wants us to do would clearly have the latter result. We prefer to define the phrasal verb "to dispose of" as it is used in the statute to mean "to attend to." THE AMERICAN HERITAGE DICTIONARY 407 (2d college ed. 1982). This definition, unlike that offered by Estridge, advances the purpose of the statute.

Here, the magistrate's court, when it initiated the case disposition process before the 180-day deadline by overseeing jury selection and scheduling the case for trial, "attended to" and thus "disposed of" Estridge's case before the deadline. The magistrate's court was not divested of subject matter jurisdiction to render a final judgment in the case merely because its action in concluding the case stretched beyond the deadline. Were we to hold otherwise, any case transferred to the magistrate's court, if not concluded before the 180-day deadline, would be brought to an immediate halt once the deadline had passed, even if the case disposition process had already begun and regardless of the point reached in the process. Such a holding would produce the result that hours, if not days or weeks, of judicial effort would be completely wasted where an ongoing case disposition process extended, for whatever reason, beyond the specified deadline. By its enactment, the legislature intended to provide criminal defendants in certain cases with a tool to expedite the processing of their cases by the criminal justice system. The legislature did not intend to provide these defendants with a means to foil the criminal justice system once the processing of their cases had begun.

Because we affirm Estridge's conviction, we need not reach his remaining issues.

Affirmed.

CURETON and HEARN, JJ., concur.