523 S.E.2d 477

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant,**

v.

**Benita GAMBLE and Rufus Gamble, Respondents.**

**No. 3058.**

Court of Appeals of South Carolina.

Heard Sept. 15, 1999.
Decided Oct. 18, 1999.

Carol A. Miller, of South Carolina Department of Social Services, of Beaufort, for appellant.

Rufus Gamble, of Durham, North Carolina, respondent pro se; and Wayne Yarbrough, of Svalina, Richardson & Larson, of Beaufort, for respondent, Benita Gamble.

Jamelle Magee, of Laurel Bay, for Guardian ad Litem.

PER CURIAM:

South Carolina Department of Social Services (DSS) appeals from a family court order dismissing its case against Benita Gamble for failure to prosecute within the time limitation prescribed by S.C.Code Ann. §§ 20–7–610(M) and 20–7–736(E). DSS contends that §§ 20–7–610(M) and 20–7–736(E) require a hearing on the merits to be scheduled, but not necessarily completed, within thirty-five days of the removal petition. We agree and reverse.

## I.

Pursuant to a family court ex parte order filed on August 13, 1998, Benita Gamble's minor child was removed from her home without her consent and placed into the emergency protective custody of DSS. DSS filed a complaint for removal on August 14. Thereafter, at a probable cause hearing, a DSS caseworker testified that she had received a report of suspected abuse and that she had observed bruises on both arms of the minor. The caseworker further testified that the child told her that his mother, Benita Gamble, inflicted the bruises by beating him with a broom handle. The family court found that probable cause existed for the removal of the child and ordered that legal and physical custody of the minor be given to DSS. The court further ordered that "the hearing on the merits in this case be held within the time period mandated by state law."

A hearing on the merits was originally scheduled for one hour on September 15, 1998. At the scheduled time, DSS arrived with six witnesses and Gamble arrived with fifteen witnesses. The family court concluded that there was not enough time available to hear the case that day. The court decided to reschedule the case for another day "to allow ample time to litigate this matter." Gamble subsequently moved for an order allowing discovery, which was granted on October 16, 1998.

The merits hearing was rescheduled for November 5, 1998, but was not concluded.[1] Gamble then filed a motion to vacate

---

**1.** The order from the November 5 hearing is not included in the record. The parties agree there was a rescheduled hearing on November 5 that

the order granting custody to DSS on the ground that the hearing on the merits was not completed within thirty-five days of the removal of the minor. The family court granted Gamble's motion and dismissed the case for failure to timely prosecute. Thereafter this Court granted appellant's petition for supersedeas and stayed the action of the family court.

## II.

■ On appeal, DSS argues the family court erred in dismissing the case for lack of timely prosecution under S.C.Code Ann. §§ 20–7–610(M) and 20–7–736(E) because the merits hearing was in fact scheduled to be held within the thirty-five day period mandated by statute. We agree.

S.C.Code Ann. § 20–7–610(M) (Supp.1998) provides that "[t]he hearing to determine whether removal of custody is needed, pursuant to Section 20–7–736, must be held within thirty-five days of the date of receipt of the removal petition." [2] S.C.Code Ann. § 20–7–736(E) (Supp.1998) provides that "[u]pon receipt of a removal petition under this section, the family court shall schedule a hearing to be held within thirty-five days of the date of receipt to determine whether removal is necessary." At issue in this case is the interpretation of these two statutory provisions.

■ When interpreting a statute, the court must ascertain the intent of the legislature. *Whiteside v. Cherokee County Sch. Dist. No. One*, 311 S.C. 335, 428 S.E.2d 886 (1993). "Of course, where a statute is complete, plain, and unambiguous, legislative intent must be determined from the language of the statute itself." *Whitner v.. State*, 328 S.C. 1, 6, 492 S.E.2d 777, 779, (1997). Courts should consider "not

---

was not concluded, but the only discussion of the events of the hearing is in appellant's motion to stay Judge Wylie's order, appellant's petition for writ of supersedeas, and the grant of supersedeas. According to this discussion, Gamble arrived at the hearing with more than twenty-five witnesses. By the end of the day only three witnesses had testified, and the court continued the action.

2. The portion of section 20–7–610(M) regarding time limits for the hearing on the merits has been substantially changed by the 1999 amendment. See Act No. 104 § 10, effective June 30, 1999. Because this case precedes the effective date of the amendment, however, we do not address the amended section of the statute.

merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law." *Id.*

Although section 20–7–610(M) states that the merits hearing in a removal case must be held within thirty-five days of the removal petition, the statute fails to define the term "held." However, section 20–7–610(M) instructs that the removal hearing is to be held "pursuant to" section 20–7–736(E), which uses the terms "shall schedule." Reading section 20–7–610(M) in conjunction with section 20–7–736(E), the plain language of the statute indicates that a merits hearing must be *scheduled* to be held within thirty-five days of receipt of the removal petition. The statute does not indicate that the hearing must be *completed* within the thirty-five day period. Therefore the requirement that a hearing on the merits actually come to a conclusion within thirty-five days of the removal petition should not be read into the statute.

Furthermore, section 20–7–610(M) is part of the emergency protective custody statute and should be construed in light of the purpose of the statute. The purpose of section 20–7–610 is to protect minors from abuse and neglect by providing a means to remove a minor from an environment in which there is probable cause to suspect abuse or neglect. Therefore, this Court should interpret section 20–7–610(M) in a way that harmonizes the language at issue with the protective purpose of the statute. By reading section 20–7–610(M) to require that a hearing on the merits be scheduled to be held, but not necessarily completed, within the thirty-five day period, the Court gives effect to the statutory language and also contributes to the safety of the minor. To read the statute otherwise could result in the return of a minor to the custody of a parent, without the benefit of a hearing on the merits, in a case in which a court has already found that probable cause to suspect child abuse or neglect exists.

In *State v. Estridge,* 320 S.C. 288, 465 S.E.2d 91 (Ct.App. 1995), this Court construed a statute which required that a case not "disposed of" within 180 days of a transfer from circuit court to magistrate's court automatically revert to the docket of the circuit court. In determining the legislative intent, the Court interpreted "to dispose of" as "to attend to."

The Court rejected "conclude" as the meaning of "disposed of," stating that such an interpretation would "complicate or frustrate" the legislature's intent "to facilitate the disposition of criminal cases." *Id.* at 290–91, 465 S.E.2d at 93. The Court decided that by scheduling the appellant's case for trial and overseeing jury selection within 180 days of the transfer, the magistrate's court had attended to and thus disposed of the appellant's case by the 180 day deadline. The Court reasoned that the legislature intended to provide a means for criminal defendants in certain cases to expedite their cases, not to provide a means for criminal defendants to "foil the criminal justice system once the processing of their cases had begun." *Id.* at 291, 465 S.E.2d at 93.

Although the *Estridge* case dealt with a magistrate's court statute, not an emergency protective custody statute, the reasoning behind the Court's decision in *Estridge* applies to this case as well. To hold that the merits hearing must be completed within thirty-five days of the petition for removal would bring to a halt cases which were begun within the statutory period but which, for whatever reason, were not brought to a close within the thirty-five days. Although the legislature intended to expedite merit hearings in child removal cases, it surely did not intend to provide allegedly abusive or neglectful parents a strategic way to avoid the full merits hearing and have their cases dismissed. To hold otherwise would mean that by simply dragging out the hearing process beyond the thirty-five day deadline, through discovery motions or excessive witnesses, an allegedly abusive parent or guardian could have his or her case dismissed and regain custody of the child. Moreover, a removal case should not be dismissed simply because the family court's docket was too full and the judge decided on his or her own to continue the action at the last minute.

In this case, the hearing on the merits was originally scheduled for September 15, 1998, within thirty-five days of the August 14 complaint for removal. The parties appeared in court, prepared to have a hearing, on September 15. Thus, looking to the plain language of section 20–7–736(E), the requirement that "the family court schedule a hearing to be held within thirty-five days of receipt" of the removal petition

is satisfied in this case. Moreover, our case law supports this conclusion. Under an *Estridge* analysis, and in light of the legislative intent, the merits hearing was scheduled to be held within thirty-five days of the removal petition within the meaning of sections 20–7–610(M) and 20–7–736(E).[3]

### III.

■ Respondent, however, challenges the constitutionality of section 20–7–610(M). Gamble argues that by delaying the conclusion of the merits hearing beyond the statutory deadline of thirty-five days, her fundamental right to bear and raise her child is impaired.

In *Hooper v. Rockwell*, 334 S.C. 281, 513 S.E.2d 358 (1999), the Supreme Court upheld the constitutionality of section 20–7–610(A), which authorizes a law enforcement official to take a minor into emergency protective custody in certain situations. If there is probable cause to believe that a child is in substantial and imminent danger of physical harm through abuse or neglect, the child may be taken into emergency protective custody without the consent of the parent. The Court balanced the parent's interest in his or her child with the "statutory right of a child to be free of abusive or neglectful situations." *Id.* at 295, 513 S.E.2d at 366. The Court noted that the legislature and the courts have become increasingly concerned with the best interest of the child when dealing with abusive situations. The Court held that "[s]ection 20–7–610(A), part of an emergency protective custody statute with specific deadlines and detailed procedures that safeguard the rights of parents and their children, does not violate the state or federal constitutions." *Id.*

Other courts have also upheld emergency protective custody statutes. In *White by White v. Chambliss*, 112 F.3d 731, *cert. denied* 522 U.S. 913, 118 S.Ct. 296, 139 L.Ed.2d 228 (1997), the Fourth Circuit noted that South Carolina's emergency protective custody statute is constitutional, comparing it to Virginia's

---

**3.** Given our conclusion on this issue, we need not address the other arguments raised by DSS.

law. In *Jordan by Jordan v. Jackson*, 15 F.3d 333 (1994), the Fourth Circuit held that Virginia's emergency protective custody statute is constitutional. The court recognized that while parents have a fundamental right to raise and care for their children, the state has a compelling interest in the safety and welfare of its children. The parents in *Jordan by Jordan* specifically challenged the statutory delays between the emergency removal and the initial judicial review. The court stated that "it is well-settled that the requirements of process may be delayed where emergency action is necessary to avert imminent harm to a child." *Id.* at 343.

In this case, the mother certainly has a fundamental right to raise and care for her child. However, the child also has a fundamental right in being free from abuse or neglect. The statute at issue balances these rights. The statute has built-in guidelines for the removal of the child and for hearings determining whether probable cause existed and whether the removal was proper. The statute requires the family court to schedule a hearing on the merits to be held within thirty-five days of the removal petition.

Although the hearing on the merits was not completed within the thirty-five days in this case, there was an initial determination of probable cause, and the hearing on the merits was in fact scheduled to be held within thirty-five days of the removal petition. The mother's actions certainly contributed to the delay in this case. The request for discovery and the number of witnesses brought into the courtroom resulted in the inability of the court to resolve this matter within thirty-five days of the removal petition. We think that respondent's constitutional argument is without merit.

Accordingly, for the foregoing reasons, the decision of the family court is hereby

**REVERSED AND REMANDED.**

HOWELL, C.J., HUFF, and STILWELL, JJ., concur.