THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Department of Social Services, Respondent,
v.
Loretta Henry, Richard Howard, Jr. and Tommie Thornton, Defendants,
IN THE INTEREST OF:
Destiny Howard, DOB: 10/05/90 Richard Howard, IV, DOB  07/14/94
Dakota Howard, DOB: 06/21/97 Crystal Howard, DOB: 12/26/99 Minor Children Under the Age of 18
Of whom Richard Howard, Jr. is Appellant.
 
 
 

Appeal From Greenville County
 Stephen S. Bartlett, Family Court Judge

Unpublished Opinion No. 2006-UP-259
Heard April 19, 2006  Filed May 23, 2006

REVERSED AND REMANDED

 
 
 
A.M. Quattlebaum, Jr., of Greenville; for Appellant.
Danielle M. Mitchell, of Greenville; for Respondent.
 
 
 

PER CURIAM:  Richard Howard, Jr., appeals the family courts order finding the emergency removal of his children from his home had merit.[1]  We reverse and remand. 
FACTS
On January 10, 2005, the Department of Social Services (DSS) was contacted concerning a black eye and cut or scratch on the face of ten-year-old Richard Howard, IV (Son).  According to Son and his mother, Loretta Henry (Mother), his injuries were caused when Richard Howard, Jr. (Father) slapped Son on the back of his head, causing him to fall forward and hit his head on the kitchen table.  During the DSS investigation, allegations were made that Father trained pit bulls on the familys property to fight; had several weapons; was physically and emotionally abusive towards Mother; threatened the life of the childrens maternal grandmother; and suffered from bipolar disorder.  As a result, Son and his three sisters were taken into emergency protective custody on January 13, 2005.   
A probable cause hearing was held on January 18, 2005.  Mother appeared, but Father was not present because he was involuntarily placed at the Carolina Center for Behavioral Health.  The family court issued an order appointing counsel and a guardian ad litem for Father and finding probable cause existed to keep the children in protective custody.  The Probable Cause Removal Hearing Order gave the parties notice that a merits hearing would be held on February 15, 2005.  A merits removal order was issued on February 15, 2005,[2] and Father was personally served with the order.  Included in the order was a notice for the trial date of March 17, 2005.   
Father failed to appear at the March 17, 2005 hearing because he was incarcerated in federal prison in North Carolina awaiting a mental evaluation.  Fathers guardian ad litem and appointed counsel appeared on his behalf.  Counsel moved for a continuance, arguing that he did not have access to Father and there was no way for Father to participate in the hearing.  Counsel stated he was informed that he would not have access to Father until after the mental evaluation, which would be at least four or five months after the hearing.  The family court noted the removal statute only allows for a thirty-day continuance and requires the matter to be concluded within sixty-five days.  Noting that Father still would be unavailable within thirty days, the matter was already near the sixty-five day mark, and Father had a guardian ad litem, the court denied the request for a continuance.  After a hearing on the merits, the court made a finding that Father physically struck Son and placed the other children at substantial risk of abuse.  The court also approved Mothers plea agreement with DSS, finding a substantial risk of abuse to the children based on a failure to protect.  The court approved a treatment plan for both parents.  The court approved placement of the oldest daughters with their maternal grandmother and placement in foster care for Son and the youngest daughter.  Father appeals.  
STANDARD OF REVIEW
In appeals from the family court, this court has authority to find the facts in accordance with our own view of the preponderance of the evidence. Woodall v. Woodall, 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).  However, this broad scope of review does not require us to disregard the findings of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d 610, 613 (Ct. App. 2002).  This degree of deference is especially true in cases involving the welfare and best interests of a minor child.  Ex Parte Morris, 367 S.C. 56, 62, 624 S.E.2d 649, 652 (2006).  Further, this broad scope of review does not relieve the appellant from the burden of showing the family court erred.  Id.  Whether to grant or deny a motion for a continuance is a matter within the sole discretion of the family court and will not be reversed on appeal absent an abuse of discretion.  Bridwell v. Bridwell, 279 S.C. 111, 112, 302 S.E.2d 856, 858 (1983).
LAW/ANALYSIS
Father argues the family court erred in failing to grant his motion for a continuance because it resulted in a violation of his due process rights.  He asserts the merits hearing concerned his fundamental rights as a parent, and thus, he deserved the opportunity to be heard at a meaningful time and in a meaningful manner.  
In discussing due process rights in removal situations, this court noted as follows:

Due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur. 
South Carolina Dept of Soc. Servs. v. Beeks, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).  The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.  Id. 

South Carolina Dept of Soc. Servs. v. Meek, 352 S.C. 523, 533, 575 S.E.2d 846, 851 (Ct. App. 2002).  A parents interest in the custody of his or her children is extraordinarily significant, triggering fundamental due process rights to notice and an opportunity to be heard.  Meek, 352 S.C. at 534, 575 S.E.2d at 851.  
In DSS emergency removal cases, the statute outlines a strict timeline for the judicial process.  A probable cause hearing must be held within seventy-two hours of the time the child was taken into protective custody.  S.C. Code Ann. § 20-7-610(M) (Supp. 2005).  A hearing on the merits must be held within thirty-five days of the date of the receipt of the removal petition.  Id.  When read in conjunction with other statutes, our courts have determined this section does not mean that the hearing must be concluded within thirty-five days, but the merits hearing must be scheduled within thirty-five days. 
South Carolina Dept of Soc. Servs. v. Gamble, 337 S.C. 428, 432, 523 S.E.2d 477, 479 (Ct. App. 1999) (reading section 20-7-610(M) in conjunction with section 20-7-736(E), the court found that the plain language of the statute indicates that a merits hearing must be scheduled to be held within thirty-five days of receipt of the removal petition.  The statute does not indicate that the hearing must be completed within the thirty-five day period.  Therefore the requirement that a hearing on the merits actually come to a conclusion within thirty-five days of the removal petition should not be read into the statute.).  
Where exceptional circumstances exist, the family court may grant a continuance:

A party may request a continuance that would result in the hearing being held more than thirty-five days after the petition was filed, and the court may grant the request for continuance only if exceptional circumstances exist.  If a continuance is granted, the hearing on the merits must be completed within sixty-five days following receipt of the removal petition.  The court may continue the hearing on the merits beyond sixty-five days without returning the child to the home only if the court issues a written order with findings of fact supporting a determination that the following conditions are satisfied, regardless of whether the parties have agreed to a continuance:
 
(1)  the court finds that the child should remain in the custody of the department because there is probable cause to believe that returning the child to the home would seriously endanger the childs physical safety or emotional well-being;
(2)  the court schedules the case for trial on a date and time certain which is not more than thirty days after the date the hearing was scheduled to be held; and
(3)  the court finds that exceptional circumstances support the continuance or the parties and the guardian ad litem agree to a continuance.
 
The court may continue the case past the date and time certain set forth in subsection (M) only if the court issues a new order as required in subsection (M).

S.C. Code Ann. § 20-7-610 (M) (Supp. 2005).  The plain language of this statute indicates that multiple continuances can be given past the sixty-five day time limit as long as the family court revisits the matter every thirty days, issuing a new order each time.  See Gamble, 337 S.C. at 431, 523 S.E.2d at 478 (noting that the legislative intent of a statute must be determined from the language of the statute itself where the statute is complete, plain, and unambiguous).
In denying Fathers motion for a continuance in the present case, the family court noted that the parties were nearing the statutory sixty-five day time limit.  The court also noted that continuances could be given every thirty days past the sixty-five day time limit:

I would continue it, but I can only do it for 30 days.  And quite candidly, it just does not appear theres going to be a significant change for anybody in 30, 60, 90 days.  And from that standpoint, I dont see anything to be achieved, or gained, by continuing the case.  I have great sympathy for counsel, and understand it puts you in sort of a dilemma that you dont have a client.  But legally, theres a guardian appointed, and he is in federal prison, so I believe that the department can go forward.  So what Im going to do is, Im gonna deny the request for a continuance.

Although the decision to grant a continuance normally rests within the broad discretion of the family court, there is not enough in the record to support the denial of the requested continuance in this case.  Considering the fact that Father failed to appear at two hearings because he was institutionalized either in a behavioral hospital or in federal prison awaiting a mental evaluation, a continuance of the case against Father would have allowed counsel and the guardian ad litem the opportunity to attempt to meet with Father to discuss the removal case.  The family court pointed out, and Fathers counsel did not deny, that it was possible Father would not have been available to appear at a hearing within ninety days if the matter was continued.  However, there was no further inquiry into the possibility of Father being available for a rescheduled hearing past this initial speculation.  
We are mindful of the fact that family courts must proceed as expeditiously as possible in emergency placement cases to protect the welfare of the children.  Any continuance of the matter against Father, however, would not have created a risk of harm to the children as they were safely placed either in foster care or with their maternal grandmother pursuant to Mothers plea agreement.  Because the children were not in any danger and Fathers counsel seemed unsure of when he could see his client, the family court could have allowed a continuance for further inquiry into the possibility of Fathers later appearance.  As previously discussed, however, the family court denied Fathers motion based on speculation that a continuance would have been futile.  Accordingly, we reverse the denial of the continuance and remand the matter for specific findings on whether there was evidence at the time of the hearing that Father would not have been available within the time provided by statute.  
CONCLUSION
Under the particular facts of this case, we find the family courts order denying Father a continuance of the merits hearing is not supported by the record.  Accordingly, the portion of the family courts merits order regarding Father is reversed and the matter is remanded to the family court for further proceedings consistent with this opinion.[3] 
 REVERSED and REMANDED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1]  Loretta Henry, the mother of the four children, was also a party in the underlying DSS action.  She is not a party in this appeal.   
[2]  Although there is no evidence in the record indicating that a merits hearing was held on February 15, 2005, it appears there was such a hearing at which time a continuance was granted.  The January 18, 2005 Probable Cause Removal Hearing Order notifies the parties that a hearing was to be held on February 15th.  The February 15, 2005 placement plan included in the record references the February 15, 2005 order, which is not in the record.  Further, DSSs brief indicates the original merits hearing was continued until March 17, 2005, to allow appointment of an attorney for Father.   
[3]  Father also argued on appeal that the family court erred in making a finding of abuse.  There is evidence in the record to support the removal of the children.  We are only reversing and remanding for a hearing to determine whether there were facts to support the denial of the motion for a continuance.  If the family court finds there was evidence at the time of the hearing that Father would not have been available after a continuance, then the family courts order denying the continuance and making findings to support the removal shall be reinstated.  If the court finds there was no evidence that a continuance would have been futile, then a new merits hearing shall be held with regard to Father.