**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

William David Cubbage, Victor Kliossis, Amber
Kliossis, Amelia Cubbage Laine, Defendants,

Of whom William David Cubbage is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2017-002547

———————————

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge
Wayne M. Creech, Family Court Judge

———————————

Unpublished Opinion No. 2019-UP-134
Submitted March 19, 2019 – Filed April 8, 2019

———————————

**AFFIRMED**

———————————

Megan Catherine Hunt Dell, of Dell Family Law, P.C., of
Charleston, for Appellant.

Sally R. Young, of the South Carolina Department of
Social Services, of North Charleston, for Respondent.

Alwyn Taylor Silver, of Silver Law Firm, LLC, of Georgetown, and Joshua Keith Roten, of Joshua Keith Rotten, LLC, of Summerville, for the Guardian ad Litem.

---

**PER CURIAM:** In this consolidated appeal, William David Cubbage challenges three family court orders: a final removal order, an order denying his motion for reconsideration, and an order denying his motion for visitation. On appeal, Cubbage argues the family court erred by (1) finding he physically neglected his son (Son) and prohibiting ongoing contact between them; (2) finding Son's half-sister (Sister) was a credible witness; (3) finding Son's mother (Mother) was a credible witness; (4) finding Cubbage sexually abused Sister, ordering him to submit to a sex offender treatability assessment, and ordering that his name be entered into the Central Registry of Child Abuse and Neglect; and (5) denying his request for supervised visitation with Son. We affirm.

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). "Our standard of review, therefore, is *de novo*." *Id.* "[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations." *Id.* at 392, 709 S.E.2d at 655. "Moreover, consistent with our constitutional authority for *de novo* review, an appellant is not relieved of his burden to demonstrate error in the family court's findings of fact." *Id.* "Consequently, the family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court.'" *Id.* (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 361 (1899)).

Initially, after a careful review of the record, we find Cubbage's arguments related to Sister's and Mother's credibility do not warrant reversal of any of the family court's substantive findings. *See id.* ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court . . . in making credibility determinations.").

Next, we find Cubbage's drug use, which necessitated play therapy sessions for Son, and the evidence of his sexual abuse of Sister, which occurred in Mother's home, presented a substantial risk of injury to Son and therefore harmed him. *See* S.C. Code Ann. § 63-7-20(6)(a)(i) (Supp. 2018) ("'Child abuse or neglect' or 'harm' occurs when . . . the parent . . . engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . .").

Given Cubbage's prior status as Sister's stepfather and his ongoing involvement in Mother's household, we agree with the family court that he "assumed the role or responsibility of [Sister's] parent or guardian" and was thus a person responsible for her welfare. S.C. Code Ann. § 63-7-20(18) (Supp. 2018). His sexual abuse of Sister was clearly supported by evidence at the merits hearing; accordingly, the family court correctly found he harmed Sister and ordered him to submit to a sex offender treatability assessment. *See* S.C. Code Ann. § 63-7-20(6)(a)(ii) (Supp. 2018) ("'[H]arm' occurs when . . . [a] person responsible for the child's welfare . . . commits or allows to be committed against the child a sexual offense as defined by the laws of this [s]tate . . . ."); S.C. Code Ann. § 63-3-530(A)(26) (2010) ("The family court has exclusive jurisdiction . . . to order either before, during or after a hearing a mental, physical and psychiatric examination as circumstances warrant . . . .").

Finally, because Cubbage refused to submit to the sex offender treatability assessment, the family court properly denied his motion for visitation with Son. *See* S.C. Code Ann. § 63-7-1680(D) (Supp. 2018) ("The family court may order termination or suspension of the visits if ongoing contact between the parent or guardian and the child would be contrary to the best interests of the child."); *Lewis v. Lewis*, 400 S.C. 354, 364, 734 S.E.2d 322, 327 (Ct. App. 2012) ("[T]he welfare and best interests of the child are the primary considerations in determining visitation."); *S.C. Dep't of Soc. Servs. v. Gamble*, 337 S.C. 428, 435, 523 S.E.2d 477, 480 (Ct. App. 1999) ("[A parent] certainly has a fundamental right to raise and care for her child. However, the child also has a fundamental right in being free from abuse or neglect"). Although Cubbage argues the family court improperly prohibited him from contacting Son without first finding their ongoing contact would be contrary to Son's best interest, we note the family court found, at the hearing on Cubbage's motion for reconsideration, that "ongoing contact . . . [between Cubbage and Son] would be contrary to [Son's] best interest." This finding is supported by a preponderance of the evidence.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.