**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Daniel Watkins, April Smith Watkins, Janet Smith Yon, and Roger Yon, Defendants,

Of whom Daniel Watkins and April Smith Watkins are Appellants.

In the interest of minors under the age of eighteen.

Appellate Case No. 2023-000854

———————

Appeal From Aiken County
Angela W. Abstance, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-008
Submitted December 23, 2024 – Filed January 6, 2025

———————

**AFFIRMED**

———————

Daniel Watkins and April Smith Watkins, both of Aiken, pro se.

Susanna M. Ringler, of South Carolina Department of Social Services, of Aiken, for Respondent.

Amy Patterson Shumpert, of Nance & McCants, of Aiken, for the Guardian ad Litem.

———————————

**PER CURIAM:**  Daniel Watkins (Father) and April Smith Watkins (Mother; collectively, Parents) appeal a family court order removing their minor children (Children) from their custody, granting custody to Janet and Roger Yon (collectively, Grandparents), relieving the Department of Social Services (DSS) from offering services, and closing the case.  On appeal, Parents argue the family court erred by (1) failing to find Children were taken into emergency protective custody (EPC), (2) denying Parents' motion to dismiss for failure to follow statutorily-mandated procedural timelines, and (3) violating Parents' and Children's due process rights.  We affirm.

"On appeal from the family court, the appellate court reviews factual and legal issues de novo."  *Klein v. Barrett*, 427 S.C. 74, 79, 828 S.E.2d 773, 776 (Ct. App. 2019).  Despite this court's standard of review, we are mindful that the family court, which saw and heard the witnesses, was in a better position to evaluate the credibility of the witnesses and assign comparative weight to testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).  The appellant has the burden of showing this court the greater weight of the evidence is against the family court's findings.  *Id*. at 392, 709 S.E.2d at 655.

We hold the family court properly denied Parents' motion to dismiss because it was not an EPC removal and the family court held timely hearings in the removal action following Children's placement with Grandparents under the safety plan Mother signed.  *See id.* at 384, 709 S.E.2d at 651 ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); S.C. Code Ann. § 63-7-20(22) (Supp. 2024) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."); S.C. Code Ann. § 63-7-1660(D) (2010) ("Upon receipt of a removal petition under this section, the family court shall schedule a hearing to be held within thirty-five days of the date of receipt to determine whether removal is necessary.").  On December 6, 2021, law enforcement and DSS responded to Parents' home and Mother signed a safety plan.  During the motion to dismiss at the March 13, 2023 hearing, Father acknowledged that when signing the safety plan, DSS made Mother aware she could refuse to sign the safety plan when it informed her failure to sign the safety

plan would mean Children would be placed in foster care. DSS filed a petition for Children's removal on March 10, 2022, and a merits removal hearing was scheduled for April 14, 2022, which was continued until November 28, 2022, and again until March 13, 2023. Accordingly, we find the family court complied with the statutory time frame because it scheduled the merits removal hearing within thirty-five days of the DSS's removal petition, even though the merits hearing was not held until March 13, 2023. *See S.C. Dep't of Soc. Servs. v. Gamble*, 337 S.C. 428, 432, 523 S.E.2d 477, 479 (Ct. App. 1999) ("[T]he plain language of [section 63-7-1660] indicates that a merits hearing must be *scheduled* to be held within thirty-five days of receipt of the removal petition. The statute does not indicate that the hearing must be *completed* within the thirty-five[-]day period.").[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We find Parents' argument that both Parents' and Children's due process rights were violated was not preserved for appellate review because they did not raise it to the family court. *See Payne v. Payne*, 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) ("Issues not raised and ruled upon in the [family] court will not be considered on appeal.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.