700 S.E.2d 250

SOUTH CAROLINA DEPARTMENT OF
SOCIAL SERVICES, Respondent,

v.

RANDY S., Dawn S., Sandra B., and Sherry G., Defendants,

of whom Randy S. is the Appellant.

In the interest of two minor children under the age of 18.

No. 4733.

Court of Appeals of South Carolina.

Heard July 14, 2010.

Decided Sept. 1, 2010.

Rehearing Denied Oct. 28, 2010.

John Harleston, of Mount Pleasant, for Appellant.

Graves H. Wilson, Jr., of Summerville, for Respondent.

Benjamin Andre LaFond, of Summerville, for Guardian ad Litem.

KONDUROS, J.

The Department of Social Services (DSS) filed an intervention action against Randy S. (Father) and Dawn S. (Mother). Subsequently, Mother consented to a finding that she neglected her two minor children (Children). Following a merits hearing, the family court issued an order (1) finding Father neglected or abused Children; (2) awarding custody of Chil-

dren to his sister, Sandra B. (Aunt); (3) only allowing Father supervised visitation with Children; and (4) permitting DSS to close its case. We reverse and remand.

## FACTS

Father and Mother are married and are the biological parents of Children. At the time of the removal, Children were four years old and three weeks old.

DSS became involved in this case on June 2, 2006, when it investigated a report of physical neglect and abandonment. According to DSS, Mother abused drugs and left Children with a neighbor and did not return, while Father did not protect Children from the threat posed by Mother's substance abuse.[1] DSS arrived at Father and Mother's home with law enforcement. According to Father, DSS wanted to place Children in DSS custody; however, DSS agreed to allow Aunt to take custody of Children. DSS offered safety plans to Mother and Father. Thereafter, DSS instituted a treatment plan for Mother and Father. Father agreed to the March 6, 2007 treatment plan ordering him to (1) complete parenting classes and follow any DSS recommendations and (2) continue supervised visitation with Children.[2]

On March 13, 2007, DSS filed a complaint for intervention. On April 19 and 20, 2007, a merits hearing was conducted. On June 15, 2007, Father made a motion requesting the family court return Children because DSS had not filed a petition for removal pursuant to section 63–7–1660(A) of the South Carolina Code (2010). According to Father, despite DSS's characterization of this as an intervention action, Children were actually removed from his home. Thereafter, on August 20, 2007, the family court issued its order from the April merits hearing. The family court's order reflected DSS, Mother, and Father agreed to the "findings and the treatment plan" and temporary custody of Children would remain with Aunt. The order also indicated DSS, Mother, and Father agreed Mother and Father would (1) receive supervised visitation; (2) refrain from the influence of drugs or alcohol during visitation; and

---

1. Father admitted Mother has a substance abuse problem.

2. Mother also agreed to the treatment plan.

(3) cooperate with any requested drug testing. Subsequently, on November 9, 2007, the family court denied Father's motion to return Children, stating: "The previous order was based on parties' agreement. Additionally, [Mother] admits drug use in the last two weeks and that she continues to stay in Father's home."

On October 22, 23, and 27, 2008, the family court conducted a second merits hearing. Following the hearing, the family court issued a merits order finding Mother and Father neglected Children. The family court found Children were neglected and "could not be protected without removal from the home and intervention and services." The family court also found Mother and Father were entitled to supervised visitation. However, after three consecutive months of negative hair strand drug tests, Mother could have unsupervised visitation. Further, the family court awarded Aunt custody of Children and permitted DSS to close its case. Father filed a Rule 59(e), SCRCP, motion, which the family court denied. This appeal followed.

## LAW/ANALYSIS

Father contends Children were improperly removed from his custody and the family court erred in failing to follow the proper statutory procedure following removal. Father argues as a result the family court erred in finding the case warranted both intervention and removal when DSS had only filed an action for intervention. We agree.

DSS has the statutory duty to investigate all reports of suspected child abuse and neglect. S.C.Code Ann. § 63-7-900 (2010). Upon investigation, if DSS determines a preponderance of the evidence supports the conclusion a child is abused or neglected, it may petition the family court for authority to offer services with or without removal of the child from the parents' home.

Pursuant to section 63-7-1650(A) of the South Carolina Code (2010), DSS may "petition the family court for authority to intervene and provide protective services without removal of custody if [DSS] determines by a preponderance of the evidence that the child is an abused or neglected child and that the child cannot be protected from harm without inter-

vention." The family court is then required to hold a hearing within thirty-five days. *See* S.C.Code Ann. § 63–7–1650(C) (2010). After the hearing, the family court may intervene and provide protective services if "the allegations of the petition are supported by a preponderance of the evidence including a finding that the child is an abused or neglected child as defined in [s]ection 63–7–20 and the child cannot be protected from further harm without intervention." S.C.Code Ann. § 63–7–1650(E) (2010). Child abuse or neglect occurs when a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child, including injuries sustained as a result of excessive corporal punishment." S.C.Code Ann. § 63–7–20(4)(a) (2010).

Section 63–7–1660(A) of the South Carolina Code (2010) grants DSS authority to petition the family court to remove a child from custody of a parent if DSS "determines by a preponderance of evidence that the child is an abused or neglected child and that the child cannot be safely maintained in the home in that he cannot be protected from unreasonable risk of harm affecting the child's life, physical health, safety, or mental well-being without removal." As with intervention, the family court is also required to hold a hearing within thirty-five days of receipt of the petition to determine whether removal is necessary. S.C.Code Ann. § 63–7–1660(D) (2010). The family court shall not order that a child be removed from the custody of the parent unless the allegations in the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child as previously defined and "that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed." S.C.Code Ann. § 63–7–1660(E) (2010). If the family court removes custody of the child, the court's order shall contain a finding of whether DSS made reasonable efforts to prevent removal and a finding of whether continuation of the child in the home would be contrary to the welfare of the child. S.C.Code Ann. § 63–7–1660(G) (2010). Pursuant to section 63–7–1660(G)(1)–(4):

The order shall state: (1) the services made available to the family before the removal of the child and how they related to the needs of the family; (2) the efforts of the agency to provide these services to the family before removal; (3) why the efforts to provide services did not eliminate the need for removal; and (4) whether the efforts to eliminate the need for removal were reasonable....

However, if DSS's "first contact with the child occurred under such circumstances that reasonable services would not have allowed the child to remain safely in the home, the court shall find that removal of the child without services or without further services was reasonable." § 63–7–1660(G)(4).

If there is not time to apply for a court order pursuant to section 63–7–1660, law enforcement may take emergency protective custody (EPC) of a child without the consent of the child's parents if "the officer has probable cause to believe that by reason of abuse or neglect the child's life, health, or physical safety is in substantial and imminent danger if the child is not taken into emergency protective custody." S.C.Code Ann. § 63–7–620(A)(1) (2010). When an officer takes a child into EPC, the officer is required to notify DSS immediately, which then has the responsibility of notifying the parent unless there are compelling reasons to the contrary.[3] S.C.Code Ann. § 63–7–630 (2010). Within twenty-four hours after a child is taken into EPC, DSS is required to conduct a preliminary investigation to determine whether EPC was proper and whether a means to avoid removal from the home exists. S.C.Code Ann. § 63–7–640 (2010). If DSS determines probable cause exists that a "child's life, health, or physical safety is in imminent and substantial danger" because of abuse or neglect, DSS may assume legal custody of the child. S.C.Code Ann. § 63–7–660 (2010). DSS is then required to initiate a removal proceeding pursuant to section 63–7–1660 on or before the next working day after initiating the investigation. S.C.Code Ann. § 63–7–700(B)(1) (2010). The family court is then required to hold a probable cause hearing within seventy-two hours of the time the child was taken into EPC

---

**3.** We are cognizant of the fact that DSS is often present when law enforcement takes a child into EPC.

and conduct a merits hearing within thirty-five days. S.C.Code Ann. § 63–7–710(A), (E) (2010).

After the family court conducts a hearing pursuant to section 63–7–1650 of the South Carolina Code (2010) or section 63–7–1660 of the South Carolina Code (2010) and finds the child should remain in the home, the family court must review and approve a treatment plan "designed to alleviate any danger to the child and to aid the parents so that the child will not be endangered in the future." S.C.Code Ann. § 63–7–1670(A) (2010). If a child is removed from the home, the family court must approve a placement plan, which DSS must submit in writing to the family court at the removal hearing or within ten days after the removal hearing. S.C.Code Ann. § 63–7–1680(A) (2010).

The family court is then required to conduct a permanency planning hearing "no later than one year" following removal of a child. S.C.Code Ann. § 63–7–1700(A) (2010). "At the initial permanency planning hearing, the court shall review the status of the child and the progress being made toward the child's return home or toward any other permanent plan approved at the removal hearing. The family court's order is required to make specific findings in accordance with this section." *Id.*

 Initially, we note that pursuant to section 63–7–1650, DSS brought this child abuse and/or neglect proceeding as an action for intervention. At the time DSS filed its complaint, Children were not in Father and Mother's custody, and at no point did DSS move to amend its complaint to seek relief pursuant to the removal statute, section 63–7–1660.

When law enforcement arrived at Father's home, rather than have law enforcement take Children into EPC, Father agreed to place Children with relatives. Subsequently, Father filed a motion requesting the family court return Children to his custody, arguing Children were improperly removed from his home when DSS did not file a petition for removal. Despite DSS's contention that this was only an intervention action, we find the evidence supports a finding that Children were removed from Father's custody.

■ As a result, we find the family court erred in granting custody of Children to Aunt and allowing DSS to close its case because intervention does not contemplate placement of children with third parties. Instead, the statute specifically states its purpose is to "intervene and provide protective services *without* removal." § 63–7–1650(A) (emphasis added). Because DSS in actuality initiated a removal action instead of an intervention action, it was required to follow the statutory procedures for removal and file a petition with the family court after Children were taken into EPC. Then, the family court would have conducted a probable cause hearing within seventy-two hours and determined whether probable cause existed for DSS to assume legal custody of Children. If the family court determined probable cause existed to remove Children from the home, a merits hearing should have been conducted within thirty-five days. Here, Children were out of the home for almost eleven months before a merits hearing was held on April 20, 2007. By following the comprehensive scheme outlined in the statutes, Father would have been afforded the safeguards the statutes are designed to provide. *See S.C. Dep't of Soc. Servs. v. Wilson,* 352 S.C. 445, 452, 574 S.E.2d 730, 733 (2002) ("The statutory proceeding is a civil action aimed at protection of a child, not a criminal action geared toward punishing a defendant.") (internal quotation marks omitted).

■ We recognize the unique procedural posture before this court and the fact that Children have been out of Father's home for over four years. As a result, an immediate change in custody may not be proper under the facts of this case because the best interests of Children is the paramount consideration. *See Pountain v. Pountain,* 332 S.C. 130, 135–36, 503 S.E.2d 757, 760 (Ct.App.1998) ("In all child custody controversies, the welfare and best interests of the children are the primary, paramount, and controlling considerations of the court."). Therefore, DSS is granted custody, exercising its full discretion as to placement as in every other removal case. Accordingly, we remand the case to the family court for a permanency planning hearing pursuant to section 63–7–1700 of the South Carolina Code (2010). A permanency planning hearing will allow all parties and the guardian ad litem an opportunity to update the family court on what has occurred

in the four years Children have been out of Father's custody. This will also give DSS an opportunity to offer Father further services, if necessary, and give Father the opportunity to present evidence of compliance and a plan for Children if they are returned. We urge the family court to conduct a hearing as expeditiously as possible, including presentation of a new guardian ad litem report and updated home evaluation on Father's residence. If necessary, the family court may, *inter alia*, change custody, modify visitation, and approve a treatment plan offering additional services to Father.

## CONCLUSION

Based on the foregoing, we reverse the family court's order granting custody of Children to Aunt and allowing DSS to close its case. We remand the case for a permanency planning hearing. DSS is granted custody of Children pending further order of the family court.[4]

**REVERSED AND REMANDED.**

WILLIAMS, J., and CURETON, A.J., concur.

---

4. In light of our decision, we need not address Father's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining this court need not review remaining issues on appeal when its determination of a prior issue is dispositive).