763 S.E.2d 219

**SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent,**

v.

**Denise HOGAN, Katrina Massey, and Michael Jackson, Defendants,**

**Of whom Katrina Massey is the Appellant.**

**In the interest of minor children under the age of eighteen.**

**Appellate Case No. 2013–001751.**

**No. 5269.**

Court of Appeals of South Carolina.

Heard July 23, 2014.

Decided Sept. 3, 2014.

Phyllis Walker Ewing and Trudy Hartzog Robertson, both of Moore & Van Allen, PLLC, of Charleston, for Appellant.

Wolfgang Louis Kelly, of South Carolina Department of Social Services, of North Charleston, for Respondent.

Joshua Keith Roten, of Charleston, for the Guardian ad Litem.

PER CURIAM.

In this permanency planning appeal, we hold the family court erred in finding it lacked jurisdiction to order reunification when no merits hearing was ever held to determine whether the children were abused or neglected. We also find the family court erred in dismissing the oldest son from the action when he was removed pursuant to a removal action and custody was never permanently awarded to a third party. We reverse and remand with instructions for the family court to hold a merits hearing on the underlying removal action.

**FACTS**

This removal action began November 10, 2010. At the December 13, 2010 merits hearing, Katrina Massey (Mother) and Michael Jackson (Father) agreed the South Carolina Department of Social Services (DSS) should retain legal and physical custody of their children (Daughter and Son) and Mother and Father would complete treatment plans. However, Mother and Father contested findings of abuse and neglect, and the family court scheduled mediation. Following

mediation, Mother and Father agreed DSS should retain legal and physical custody of Daughter, and Denise Hogan, a relative, should have legal and physical custody of Son. The family court approved the agreement on January 24, 2011, finding the parties stipulated the order was being issued without an affirmative finding of fact on the existence of harm or threat of harm to the minor children. The order stated, "[DSS] specifically reserves the right to pursue such a finding of fact at any subsequent [h]earing in this matter, and the rights of all parties to present evidence in support of or in defense against such a finding is likewise reserved."

Mother gave birth to another son (Baby) on February 16, 2011, and the family court issued an ex parte order removing Baby and placing him in DSS's custody. The family court scheduled a merits hearing in Baby's case for April 14, 2011, but it was continued at DSS's request. On May 16, 2011, the family court held a merits hearing in Baby's case, and it issued a final order regarding Father. The family court continued the issues regarding Mother so she could obtain counsel.

The family court scheduled a merits hearing for Baby's case on June 20, 2011, but it was continued because some of the parties were not served. The case was continued again on August 3, 2011, because it was contested. The family court scheduled mandatory mediation for September 9, 2011, but it was continued because there were not enough mediators.[1] A November 17, 2011 order removed the case from the docket due to docketing error.

On December 16, 2011, the family court held a merits hearing for Baby's case and a permanency planning hearing for Daughter and Son's case. The parties again agreed (1) the order would be issued without an affirmative finding of fact as to the existence of harm or threat of harm by Mother; (2) legal and physical custody of Daughter and Baby should remain with DSS; and (3) legal and physical custody of Son should remain with Hogan.

On February 26, 2013, the family court held a permanency planning hearing for all the children. At the beginning of the

[1]. For the benefit of the bench and bar, we note that requiring mediation for DSS removal actions contradicts Rule 3(b)(8), ADR, which exempts family court cases initiated by DSS from mandatory mediation.

hearing, DSS noted the parties had not reached an agreement about the permanent plan. DSS argued reunification could not be a goal because section 63–7–1700(F) of the South Carolina Code (Supp.2013) prohibits an extension for reunification after a child has been in foster care for eighteen months. Father and Mother asserted they had a right to a merits hearing before proceeding with the permanency planning hearing because the family court never made a finding of abuse and neglect. Citing *South Carolina Department of Social Services v. Smith,*[2] DSS asserted the family court did not need to make a finding of abuse or neglect before determining the children's permanent plan. The guardian ad litem agreed with DSS, and the family court determined it lacked jurisdiction to order reunification based on subsection (F) because the children had been in foster care for more than eighteen months.

Next, the guardian ad litem moved to have Son dismissed from the case pursuant to section 63–7–1670(C)(2) of the South Carolina Code (2010). The guardian ad litem noted Son was placed in relative custody more than eighteen months before and argued the clear language of the statute indicated jurisdiction with respect to Son had terminated. DSS agreed, and the court dismissed Son from the action, finding it no longer had jurisdiction pursuant to subsection (C)(2). In its final order, the family court determined Daughter's and Baby's permanent plan would be termination of parental rights (TPR) and adoption concurrent with relative custody. Mother's appeal followed.

**STANDARD OF REVIEW**

In reviewing the decision of the family court, an appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence. *Lewis v. Lewis,* 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011). Although this court retains its authority to make its own findings of fact, we recognize the superior position of the family court in making credibility determinations. *Id.* at 392, 709 S.E.2d at 655.

---

2. 343 S.C. 129, 134–35, 538 S.E.2d 285, 287–88 (Ct.App.2000).

## LAW/ANALYSIS

### I.  Merits Hearing

■ "Upon receipt of a removal petition under this section, the family court shall schedule a hearing to be held within thirty-five days of the date of receipt to determine whether removal is necessary."  S.C.Code Ann. § 63–7–1660(D) (2010). "[A] merits hearing must be *scheduled* to be held," but not necessarily *completed*, within thirty-five days.  *S.C. Dep't of Soc. Servs. v. Gamble*, 337 S.C. 428, 432, 523 S.E.2d 477, 479 (Ct.App.1999).  A party may request a continuance if exceptional circumstances exist, and if the family court grants the continuance, the merits hearing "must be completed within sixty-five days following receipt of the removal petition." S.C.Code Ann. § 63–7–710(E) (2010).

> The court may continue the hearing on the merits beyond sixty-five days without returning the child to the home only if the court issues a written order with findings of fact supporting a determination that the following conditions are satisfied, regardless of whether the parties have agreed to a continuance:
>
> (1) the court finds that the child should remain in the custody of the department because there is probable cause to believe that returning the child to the home would seriously endanger the child's physical safety or emotional well-being;
>
> (2) the court schedules the case for trial on a date and time certain which is not more than thirty days after the date the hearing was scheduled to be held;  and
>
> (3) the court finds that exceptional circumstances support the continuance or the parties and the guardian ad litem agree to a continuance.

*Id.* "The court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the [removal] petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child. . . ."  S.C.Code Ann. § 63–7–1660(E) (2010).

■■ We hold the family court had the authority to order a merits hearing, and it should have done so at the parents' request.  Section 63–7–1660(E) is plain and unambiguous, and

it mandates a finding of abuse or neglect before a child can be retained in foster care. Here, the family court was presented with the conundrum of holding a permanency planning hearing for children who had been in foster care for more than two years without any affirmative finding they were abused or neglected.[3] Had the family court previously made a finding of abuse or neglect, it would have been correct in finding it could not order an extension for reunification. *See* S.C.Code Ann. § 63–7–1700(F) (Supp.2013) ("[T]he court may order an extension of the [placement] plan ... but in no case may the extension for reunification continue beyond eighteen months after the child was placed in foster care."). However, because the family court never made an affirmative finding of abuse or neglect and the parents never had an opportunity to present evidence to contest such a finding, the family court had more options at the permanency planning hearing, and it should have scheduled a merits hearing at the request of the parents.[4]

In *Ex parte Morris*, 367 S.C. 56, 66, 624 S.E.2d 649, 654 (2006), our supreme court held:

It is error, in the face of a request by a party for an evidentiary hearing, for the family court to issue a permanency planning order based on an examination of the file and pleadings, the arguments of counsel, and the [guardian ad litem's] report, but without considering testimony and

---

3. During oral argument, DSS asserted an agreement to hold a finding in abeyance is a finding within the meaning of section 63–7–1660(E). We find this interpretation is in error. An agreement to hold a finding in abeyance is not an affirmative finding. *See* S.C.Code Ann. § 63–7–20(2) (2010) (" 'Affirmative determination' means a finding by a preponderance of evidence that the child was abused or neglected by the person who is alleged or determined to have abused or neglected the child and who is mentioned by name in a report or finding."). Further, by its plain language, the stipulation reserved the "rights of all parties to present evidence in support of or in defense against such a finding." We find the stipulation reserved the parents' rights to request a merits hearing, and they were entitled to such a hearing at their request.

4. The family court must make appropriate findings in order to exceed the statutory timeframe. S.C.Code Ann. § 63–7–710(E). The remedy for the failure to timely complete the merits hearings is to "petition for the return of [the] children or move to vacate the order granting custody to DSS." *S.C. Dep't of Soc. Servs. v. Meek*, 352 S.C. 523, 532, 575 S.E.2d 846, 850–51 (Ct.App.2002).

evidence at a hearing where witnesses are subject to direct and cross-examination.

We acknowledge the family court here did not prohibit Mother from presenting testimony at the permanency planning hearing. However, its finding it lacked jurisdiction to order reunification rendered any consideration of evidence moot. Based on the plain language of section 63–7–1700(D) of the South Carolina Code (Supp.2013), the family court had the jurisdiction and the authority to return the children to Mother if it determined the children could "be safely maintained in the home [because Mother] remedied the conditions that caused the removal and the return of the child[ren] . . . would not cause an unreasonable risk of harm." § 63–7–1700(D). We hold the family court also had the jurisdiction and authority to order a merits hearing at Mother's request.

We take this opportunity to address a practice in Charleston County removal actions we find troubling. During oral argument, DSS stated it commonly allows parties to "reserve" findings of abuse and neglect and then proceeds with the removal action by agreement. DSS indicated it does not intend to pursue a finding of abuse or neglect when the parties agree to hold the finding in abeyance, and it asserted such a practice is permissible under *South Carolina Department of Social Services v. Smith,* 343 S.C. 129, 538 S.E.2d 285 (Ct.App. 2000).

In *Smith,* this court considered whether a family court had jurisdiction over a TPR action when the children were removed from the mother without a finding of abuse or neglect. *Id.* at 134–35, 538 S.E.2d at 287–88. This court first noted the family court had jurisdiction over all TPR actions. *Id.* at 135, 538 S.E.2d at 288. Although it believed the family court may have made a finding of abuse or neglect in a prior order, this court held "the lack of such a finding in this case did not deprive the family court of jurisdiction over a proceeding for [TPR]." *Id.*

We are troubled by Charleston County DSS's interpretation of *Smith* to support its position that it does not need to seek a finding of abuse or neglect in a removal action. Such an interpretation clearly contradicts section 63–7–1660(E). When this court decided *Smith,* it did not intend for *Smith* to be

construed so broadly. We find this practice is in clear contravention of the removal statutes and could violate the fundamental right parents have to raise their children. *See S.C. Dep't of Soc. Servs. v. Michelle G.*, 407 S.C. 499, 505, 757 S.E.2d 388, 391 (2014) ("[P]arents have a fundamental liberty interest in the care, custody, and management of their children.").

Because Mother is entitled to a hearing on the merits, we reverse and remand this case for a merits hearing. At the hearing, the family court must determine whether Mother abused or neglected the children. This hearing shall occur within thirty-five days of the remittitur.

## II. Dismissal of Son

■ DSS asserts the January 25, 2011 order transferring legal and physical custody of Son to Hogan was a final order that permanently transferred custody of Son. Although the order purports to be a final order, the actions of the parties show the transfer of custody was a relative placement pending completion of the placement plan rather than an order awarding Hogan permanent custody. The family court addressed Son's custody at a May 25, 2011 judicial review hearing when the parties agreed custody of Son should remain with Hogan. The family court addressed Son's custody again at a December 16, 2011 permanency planning hearing when the parties agreed custody of Son should remain with Hogan. Had the parties intended for the January 25, 2011 order to grant Hogan permanent custody of Son, the parties would not have continued to address Son's custody at later hearings. Although DSS asserted the January 25, 2011 order awarded Hogan permanent custody of Son, it qualified that statement by asserting permanent custody was transferred "pending completion of the treatment plan." This qualification shows DSS did not intend the transfer of custody to be permanent. Thus, we find the order granting Hogan custody of Son was a relative placement pending the completion of the treatment plan rather than a final order transferring permanent custody to Hogan.

■ Additionally, we find the family court erred in dismissing Son from the action pursuant to section 63–7–1670(C)(2) of

the South Carolina Code (2010). The Children's Code requires DSS to investigate all reports of suspected child abuse and neglect. S.C.Code Ann. § 63–7–900 (2010). "[I]f [DSS] determines by a preponderance of evidence that the child is an abused or neglected child and that the child cannot be protected from harm without intervention," it can file a petition with the family court to intervene and provide services without removing the child from the home. S.C.Code Ann. § 63–7–1650(A) (2010). "[I]f [DSS] determines by a preponderance of evidence that the child is an abused or neglected child and that the child cannot be safely maintained in the home," it can petition the family court to remove the child from the parents' custody. S.C.Code Ann. § 63–7–1660(A) (2010).

If the family court determines "the child shall remain in the home and that protective services shall continue," the family court must approve a treatment plan. S.C.Code Ann. § 63–7–1670(A) (2010). When the court approves a treatment plan, it must "specify a date upon which jurisdiction will terminate automatically, which must be no later than eighteen months after the initial intervention." S.C.Code Ann. § 63–7–1670(C)(2) (2010). "If the court orders that a child be removed from the custody of the parent or guardian, the court must approve a placement plan." S.C.Code Ann. § 63–7–1680(A) (Supp.2013).

The legislature drafted two sections outlining plans for parents in abuse and neglect proceedings. By its plain language, section 63–7–1670 applies when a child remains in the home and DSS intervenes, and it requires the court to approve a *treatment* plan. In contrast, section 63–7–1680 applies when a child is removed from the home, and it requires the court to approve a *placement* plan. By naming the plans different things and describing them in different sections, the legislature intended one section to apply to intervention actions and the other section to apply to removal actions.

DSS concedes Son was removed by a removal action, and the record shows DSS filed a removal petition rather than an intervention petition. This court has determined "intervention does not contemplate placement of children with third parties." *S.C. Dep't of Soc. Servs. v. Randy S.,* 390 S.C. 100, 107, 700 S.E.2d 250, 254 (Ct.App.2010). Thus, this action was a

removal action, and the statutes governing removal actions apply rather than the statutes governing intervention actions. *See id.* ("Because DSS in actuality initiated a removal action instead of an intervention action, it was required to follow the statutory procedures for removal and file a petition with the family court after [the children] were taken into [emergency protective custody].").   Because section 63–7–1670 applies to intervention actions rather than removal actions, the family court erred in applying it to this case and using it to dismiss Son. Accordingly, we reverse the family court's dismissal of Son from the action, grant DSS legal custody of Son, and remand for a merits hearing.

## CONCLUSION

For the foregoing reasons, the order on appeal is

**REVERSED AND REMANDED.**

WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.