**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Lauren Chastain, Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2017-001507

––––––––––––––––

Appeal From Greenville County
Tarita A. Dunbar, Family Court Judge

––––––––––––––––

Unpublished Opinion No. 2018-UP-152
Submitted March 9, 2018 – Filed April 9, 2018

––––––––––––––––

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

––––––––––––––––

John D. Elliott, of Law Offices of John D. Elliott P.A., of Columbia, for Appellant.

Dottie C. Ingram and Samuel Weldon, both of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem.

**PER CURIAM:** Lauren Chastain (Mother) appeals the family court's order, leaving custody of her two minor children, A.C. and D.B., with their respective paternal grandparents and closing the South Carolina Department of Social Services' (DSS's) case against her. On appeal, Mother argues the family court erred by failing to return her children to her when it dismissed DSS's action. We affirm in part, reverse in part, and remand to the family court for a permanency planning hearing.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 651-52 (2011). Although this court reviews the family court's findings de novo, this court is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.

Initially, we find the family court did not err by failing to return Mother's children to her when it dismissed DSS's case against her. *See S.C. Dep't of Soc. Servs. v. Randy S.*, 390 S.C. 100, 104, 700 S.E.2d 250, 252 (Ct. App. 2010) ("The family court shall not order that a child be removed from the custody of the parent unless the allegations in the petition are supported by a preponderance of evidence including a finding that the child is an abused or neglected child as [defined in section 63-7-20 of the South Carolina Code (Supp. 2017)] and 'that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed.'" (quoting S.C. Code Ann. § 63-7-1660(E) (2010))); S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2017) (providing child abuse or neglect occurs when a parent "inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . . ."). Here, we find a preponderance of the evidence shows that D.B. was neglected as defined in section 63-7-20 because her father tested positive for drugs, her father had illegal drug paraphernalia and evidence of marijuana growth in his home, and D.B. tested positive for methamphetamine. Additionally, in two prior orders removing A.C. and D.B. from the custody of their respective fathers, the family court found A.C. and D.B. were both abused and neglected as defined in section 63-7-20.

Moreover, we find the preponderance of the evidence shows returning D.B. and A.C. to Mother's custody would have placed them at an unreasonable risk of harm. *See* § 63-7-1660(E) ("The [family] court shall not order that a child be removed from the custody of the parent . . . unless the court finds that the allegations of the petition are supported by a preponderance of evidence including a finding that . . . retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."). Here, DSS received information that Mother used methamphetamine in the past, and it referred her to a drug screen. Mother's drug screen came back negative. Mother's father then alleged he found a bag of methamphetamine in Mother's purse, and DSS referred Mother to have a hair follicle drug screen and a urine drug screen. Mother failed to timely take the drug screens requested by DSS, waiting three weeks to take the hair follicle drug screen and five weeks to take the urine drug screen. Although the hair follicle drug screen came back negative, DSS received information that Mother may have stripped her hair, so it referred Mother for a nail drug screen. Mother failed to take the nail drug screen requested by DSS. Moreover, at the time of the merits removal hearing, Mother lived at Foundation House, a rehabilitation center. Additionally, D.B.'s grandfather testified Mother and D.B. lived with D.B.'s father up until his arrest. Thus, we find the preponderance of the evidence showed returning D.B. and A.C. to Mother's custody would have placed them at an unreasonable risk of harm, and the family court acted properly by not returning the children to Mother.

However, we find the family court erred by failing to follow the proper statutory procedure for removal. This court may raise issues concerning the best interest of a child sua sponte. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors."); *Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties."); *Galloway v. Galloway*, 249 S.C. 157, 160, 153 S.E.2d 326, 327 (1967) ("The duty to protect the rights of minors has precedence over procedural rules otherwise limiting the scope of review and matters affecting the rights of minors can be considered by this court [e]x mero motu.").

Here, the family court removed Mother's children, ordered custody of the children would remain with their respective paternal grandparents, and closed DSS's case against Mother without approving the placement plan provided to it by DSS and despite testimony that DSS sought reunification and wished for Mother's case to

remain open to give Mother time to comply with the placement plan. *See* S.C. Code Ann. § 63-7-1680(A) (2010 & Supp. 2017) ("If the court orders that a child be removed from the custody of the parent or guardian, the court must approve a placement plan."); *Randy S.*, 390 S.C. at 106, 700 S.E.2d at 253 ("DSS must submit [the placement plan] in writing to the family court at the removal hearing or within ten days after the removal hearing."). Thus, we find the family court erred by failing to follow the statutory procedure for removal, and we remand the case to the family court for a permanency planning hearing. At the hearing, the family court shall make findings consistent with sections 63-7-1660 and 63-7-1700 of the South Carolina Code (2010 & Supp. 2017). Further, if the family court determines the children cannot be safely returned to Mother's custody, it shall order a placement plan.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.