**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Vicky Rockey, Michaela Bingham, Casey Mileski, and
Tonya Strong, Defendants,

Of whom Michaela Bingham is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000142

———

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

———

Unpublished Opinion No. 2023-UP-270
Submitted July 11, 2023 – Filed July 14, 2023

———

**REVERSED AND REMANDED**

———

John Brandt Rucker and Allyson Sue Rucker, both of
The Rucker Law Firm, LLC, of Greenville, for
Appellant.

William Evan Reynolds, of Kingstree, for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of
Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:**  Michaela Bingham (Mother) appeals the family court's order placing custody of her minor child (Child) with Child's maternal grandmother (Grandmother) and closing the South Carolina Department of Social Services' (DSS's) case against her.  On appeal, Mother argues the family court erred by allowing DSS to forego reasonable efforts at reunification at the merits removal hearing and subsequently closing the case without ordering a future permanency planning hearing.  We reverse and remand to the family court for a permanency planning hearing.

On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, this court is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

We hold the family court did not err in allowing DSS to forego reasonable efforts at reunification.  *See* S.C. Code Ann. § 63-7-1640(C)(1)(b) (Supp. 2022) ("The family court may authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family . . . when the family court determines . . . the parent has subjected the child or another child while residing in the parent's domicile to . . . severe or repeated neglect . . . ."); S.C. Code Ann. § 63-7-1640(F) (Supp. 2022) ("In determining whether to authorize [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the court must consider whether initiation or continuation of reasonable efforts to preserve or reunify the family is in the best interests of the child."); *id.* ("If the court authorizes [DSS] to terminate or forego reasonable efforts to preserve or reunify a family, the court must make specific written findings in support of its conclusion that one or more of the conditions set forth in subsection (C)(1) through (8) are shown to exist, and why continuation of reasonable efforts is not in the best interest of the child.").  We hold Mother repeatedly neglected Child by exposing her to drugs, continuing to use drugs following Child's removal from her home while insisting she was sober, and failing to successfully complete the recommended treatment services.  Moreover, Mother's failure to follow DSS recommendations, considered alongside Grandmother's testimony regarding an incident the Monday before the hearing in which Mother

had to be removed from Grandmother's home by the police, Mother's positive drug screen at the removal hearing, and Mother's repeated outbursts during the proceedings, show Mother repeatedly neglected Child. Additionally, due to Mother's sustained drug use and failure to complete treatment services, we find continued efforts to reunify Child and Mother are not in Child's best interest. Therefore, we agree with the family court that DSS satisfied its burden under section 63-7-1640(F) by showing Mother repeatedly neglected Child and continuation of reasonable efforts to reunify Child and Mother were not in Child's best interest.

However, we hold the family court erred by failing to follow the proper statutory procedure for allowing DSS to forego reasonable efforts at reunification without providing for a subsequent permanency planning hearing.[1] *See* S.C. Code Ann. § 63-7-1640(E) (Supp. 2022) ("If the family court's decision that reasonable efforts to preserve or reunify a family are not required results from a hearing other than a permanency planning hearing, the court's order shall require that a permanency planning hearing be held within thirty days of the date of the order."); *see also S.C. Dep't of Soc. Servs. v. Randy S.*, 390 S.C. 100, 103, 107-08, 700 S.E.2d 250, 252, 254 (Ct. App. 2010) (remanding a case to family court for a permanency planning hearing when the family court failed to follow the proper statutory procedure for removal in order to "allow all parties and the guardian ad litem an opportunity to update the family court on what has occurred in the [time] [c]hildren have been out of [parent]'s custody"). Here, the family court placed custody of Child with Grandmother and closed the DSS action after providing for a ninety-day monitoring period. Because the family court did not provide for a subsequent permanency planning hearing, we hold the family court erred by failing to follow the statutory procedure, and we remand the case to the family court for a permanency planning hearing.[2]

---

[1] Initially, we note this issue may not be preserved for appellate review because Mother did not raise this argument to the family court. However, we review the issue because it involves Child's best interest. *See Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000) ("[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors.").

[2] DSS argues its policy is to conduct judicial review hearings instead of permanency planning hearings when a child has not entered foster care. We find this argument unavailing because DSS initiated a removal action. *See Randy S.*, 390 S.C. at 107, 700 S.E.2d at 254 (holding that although the child did not enter foster care and was placed with a relative, DSS was required to follow statutory

**REVERSED AND REMANDED.**[3]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

procedure for removal because DSS "in actuality initiated a removal action instead of an intervention action").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.